Submitted on record and briefs August 6, vacated in part; otherwise affirmed
November 24, 1999

# RANDELL ALEXANDER,
*Appellant,*

*v.*

# Dan JOHNSON,
Superintendent,
Snake River Correctional Institution,
*Respondent.*

(97-12-29-396 M; CA A104506)

990 P2d 929

Randell Alexander filed the brief *pro se.*

Hardy Myers, Attorney General, Michael D. Reynolds, Solicitor General, and Denise G. Fjordbeck, Assistant Attorney General, filed the brief for respondent.

Before De Muniz, Presiding Judge, and Haselton and Wollheim, Judges.

WOLLHEIM, J.

## WOLLHEIM, J.

Petitioner appeals the trial court's judgment requiring him to pay $975 for the cost of his own court-appointed attorney in the underlying post-conviction proceeding. We conclude that no statute authorized the judgment of costs in this action and that the court's imposition of those costs was error apparent on the face of the record. Accordingly, although we affirm the trial court's disposition of the merits, we vacate the judgment for costs of $975.

Petitioner filed his original petition for post-conviction relief on December 23, 1997. Trial was held on the petition on September 22, 1998. The trial court found in favor of defendant at the close of the trial. The proposed judgment was served on petitioner on October 22, 1998, including imposition of $975 for court-appointed attorney fees. The judgment was signed on November 4, 1998, and entered on November 5, 1998. No hearing was held concerning the attorney fees. Petitioner did not file an objection to their imposition.

Petitioner, however, objects on appeal and argues that the trial court erroneously entered a judgment for costs under ORS 151.505.[1] While the trial court did not explicitly identify the statutory authority under which it assessed costs, petitioner correctly notes that ORS 151.505 unambiguously applies only to cases or matters in which the first "petition in the trial court was filed after January 1, 1998 * * *." Because petitioner filed his initial petition on December 23, 1997, he argues that ORS 151.505 does not authorize imposition of attorney fees in his post-conviction proceeding. The state acknowledges that ORS 151.505 does not apply but contends that petitioner has not preserved this issue and that we should not exercise our discretion to address this

---

[1] ORS 151.505 provides, in part:

"(1) At the conclusion of a case or matter in which the first accusatory instrument or petition in the trial court was filed after January 1, 1998, and in which the court appointed counsel to represent a person, a trial or appellate court may include in its judgment an order that the person repay in full or in part the administrative costs of determining the eligibility of the person for appointed counsel and the costs of the legal and other services that are related to the provision of appointed counsel."

unpreserved error. *See Ailes v. Portland Meadows, Inc.*, 312 Or 376, 381-82, 823 P2d 956 (1991). The state further contends that the trial court implicitly may have awarded fees pursuant to ORS 151.487(1) and further cites cases under which trial courts properly have awarded fees pursuant to ORS 161.665.

■  We begin with the "plain error" issue. As explained below, the trial court's lack of authority to require petitioner to pay the costs of his own court-appointed attorney in this case is a purely legal matter that is "obvious, not reasonably in dispute." *State v. Brown*, 310 Or 347, 355, 800 P2d 259 (1990). We conclude, moreover, that this is an appropriate case in which to exercise our discretion to address unpreserved plain errors. *See Ailes*, 312 Or at 382 n 6 (enumerating some of the factors which guide a court's exercise of discretion to address unpreserved plain errors).

Several considerations militate in favor of the exercise of discretion. First, the state acknowledges the error under ORS 151.505, and the state has fully developed arguments on alternative theories for affirming the trial court. Addressing the error, therefore, neither surprises nor is otherwise unfair to the adverse party. *See State v. Hitz*, 307 Or 183, 188, 766 P2d 373 (1988). Second, the error is easily corrected without necessity for extensive proceedings on remand. Thus, it does not undercut or offend notions of judicial efficiency. Therefore, we exercise our discretion to consider the assignment of error.

■  We turn to the merits. Petitioner correctly notes that ORS 151.505 did not provide the trial court with the authority to impose attorney fees in his post-conviction proceeding because petitioner filed his original petition before the effective date of the statute. To the extent the state asserts that ORS 161.665 provides the necessary statutory authority, we note that ORS 161.665 only applies to *criminal* proceedings, not civil post-conviction and habeas corpus proceedings. *Petersen v. Cook*, 164 Or App 240, 242, 990 P2d 931 (1999); *Hawk v. State of Oregon,* 51 Or App 655, 657, 626 P2d 931 (1981). The state next argues that ORS 151.487 provides authority. However, ORS 151.487 is similarly inapposite.

While ORS 151.487 does apply to post-conviction proceedings, subsection 1 of that statute only authorizes the trial court, *"in determining* that a person *is* eligible for court-appointed counsel * * * [to] order the person to pay the State Court Indigent Defense Account[,]" if

"[t]he court *finds* that the person has financial resources that enable the person to pay in full or in part the administrative costs of determining the eligibility of the person and the costs of the legal and other services to be provided at state expense that are related to the provision of appointed counsel * * *." (Emphasis added.)

The plain language of the statute, therefore, only permits such orders initially *at the time* the court is determining that a person is indigent and qualifies for court-appointed counsel. That did not occur here. Thus, there is no statutory authority to impose the requirement on petitioner to pay the costs of his court-appointed attorney in this post-conviction proceeding.

Judgment imposing expenses and compensation for court-appointed attorney in amount of $975 vacated; otherwise affirmed.