Argued and submitted July 12, vacated in part; otherwise affirmed
November 24, 1999

## JONATHAN W. PETERSEN,
*Appellant,*

*v.*

## Dave COOK,
Director,
Oregon Department of Corrections,
*Respondent.*

(97-02-28552M; CA A103196)

990 P2d 931

Bob Pangburn filed the brief for appellant.

David J. Amesbury, Assistant Attorney General, argued the cause and filed the brief for respondent. With him on the brief were Hardy Myers, Attorney General, and Michael D. Reynolds, Solicitor General.

Before De Muniz, Presiding Judge, and Haselton and Wollheim, Judges.

WOLLHEIM, J.

## WOLLHEIM, J.

Plaintiff appeals the trial court's judgment requiring him to pay $992.50 for the cost of his court-appointed attorney in the underlying habeas corpus proceeding. The trial court imposed that judgment for costs pursuant to ORS 161.665.[1] With two exceptions, this case is indistinguishable from *Alexander v. Johnson*, 164 Or App 235, 990 P2d 929 (1999). First, this case arises from a habeas corpus proceeding rather than a post-conviction proceeding; however, that difference does not alter our analysis of the applicable statutes. Second, in our judgment affirming the trial court's dismissal of plaintiff's habeas corpus proceeding, we instructed the trial court that it could exercise its discretion under ORS 161.665 to include expenses and compensation for plaintiff's court-appointed counsel in the final judgment. We erred in so instructing the trial court. We conclude that neither ORS 161.665 nor any other statute authorized the judgment of costs in this action and that the court's imposition of those costs was error apparent on the face of the record. *See Alexander*. Accordingly, we vacate the judgment for costs of $992.50.

Judgment imposing expenses and compensation for court-appointed attorney in amount of $992.50 vacated; otherwise affirmed.

---

[1] ORS 161.665 provides, in part:

"(1) Except as provided in ORS 151.505, the court, only in the case of a defendant for whom it enters a judgment of conviction, may include in its sentence thereunder a provision that the convicted defendant shall pay as costs expenses specially incurred by the state in prosecuting the defendant. Costs include a reasonable attorney fee for counsel appointed pursuant to ORS 135.045 or 135.050 and a reasonable amount for expenses approved under ORS 135.055. * * *

"(2) Except as provided in ORS 151.505, the court, after the conclusion of an appeal of its initial judgment of conviction, may include in its final judgment or modify the judgment to include a requirement that a convicted defendant pay as costs a reasonable attorney fee for counsel appointed pursuant to ORS 138.500 * * *.

"(3) The court shall not sentence a defendant to pay costs under this section unless the defendant is or may be able to pay them. In determining the amount and method of payment of costs, the court shall take account of the financial resources of the defendant and the nature of the burden that payment of costs will impose."