Argued and submitted November 19, 1999, vacated in part; otherwise affirmed February 9, petition for review denied June 27, 2000 (330 Or 375)

## MICHAEL JON BAILEY,
*Appellant,*

*v.*

## Dan JOHNSON,
Superintendent,
Snake River Correctional Institution,
*Respondent.*

(97-06-28865M; CA A102526)

997 P2d 871

Bob Pangburn filed the brief for appellant.

Rolf C. Moan, Assistant Attorney General, argued the cause for respondent. With him on the brief were Hardy Myers, Attorney General, and Michael D. Reynolds, Solicitor General.

Before De Muniz, Presiding Judge, and Haselton and Wollheim, Judges.

WOLLHEIM, J.

## WOLLHEIM, J.

In this post-conviction relief case, we address only petitioner's claim[1] that the post-conviction trial court erred by requiring him to pay $975 for the cost of his own court-appointed attorney in the underlying post-conviction proceeding. Recently, we held that no statute authorized the trial court to assess such attorney fees where the petition for post-conviction relief was filed before January 1, 1998. *Alexander v. Johnson*, 164 Or App 235, 990 P2d 929 (1999). We write to address an argument that defendant raised here that was not raised in *Alexander*.

Petitioner filed his petition for post-conviction relief in June 1997. The trial was held in April 1998. The trial court found in favor of defendant. The judgment was entered in June 1998 and included imposition of $975 for court-appointed attorney fees. No hearing was held concerning the attorney fees and petitioner did not file an objection to their imposition.

In *Alexander*, we exercised our discretion and addressed the unpreserved plain error. *Id.* at 238. On the merits we held that no statute authorized the imposition of attorney fees. *Id.* at 239. We considered and rejected the defendant's argument that ORS 151.487(1) authorized the imposition of attorney fees:

"While ORS 151.487 does apply to post-conviction proceedings, subsection 1 of that statute only authorizes the trial court, '*in determining* that a person *is* eligible for court-appointed counsel * * * [to] order the person to pay the State Court Indigent Defense account[,]' if

" '[t]he court *finds* that the person has financial resources that enable the person to pay in full or in part the administrative costs of * * * the legal and other services to be provided at state expense that are related to the provision of appointed counsel * * *.' " *Id.* at 239 (emphasis in original).

---

[1] We reject, without discussion, petitioner's other assignment of error that his appellate counsel was inadequate.

We held that the plain language of ORS 151.487(1) author-ized only the imposition of such attorney fees if the initial order appointing counsel found at that time that the peti-tioner had the financial resources to pay the attorney fee.

Here, defendant argues that ORS 151.487(5) author-izes the trial court to revisit the issue of attorney fees at any time. ORS 151.487(5) provides:

> "The determination that a person is able to pay or par-tially able to pay, or that a person no longer has the ability to pay the amount ordered in subsection (1) of this section, shall be subject to review at any time by the court."

The plain language of subsection (5) authorizes the trial court to revisit the issue of attorney fees only if the original order appointing counsel required the petitioner to pay, in full or in part, the cost of appointed counsel. ORS 151.487(5) does not authorize the court to assess attorney fees for the first time at the end of a post-conviction relief trial. As we held in *Alexander*, there is no statutory authority to require peti-tioner to pay the costs of his court-appointed attorney fees in this post-conviction proceeding.

Judgment imposing expenses and compensation for court-appointed attorney in amount of $975 vacated; other-wise affirmed.