Submitted on record and briefs January 7, vacated in part; otherwise affirmed
February 23, 2000

HARLEY JOHNS,
*Appellant,*

*v.*

Dan JOHNSON,
Superintendent,
Snake River Correctional Institution,
*Respondent.*

(97-06-28965-M; CA A106024)

996 P2d 1013

Harley Johns filed the brief *pro se.*

Hardy Myers, Attorney General, Michael D. Reynolds, Solicitor General, and Cheryl Thompson-Merrill, Assistant Attorney General, filed the brief for respondent.

Before Landau, Presiding Judge, and Linder and Brewer, Judges.

LANDAU, P. J.

**LANDAU, P. J.**

In this habeas corpus case, petitioner appeals a judgment dismissing his claims and requiring petitioner to pay attorney fees. He assigns error to the award of attorney fees. We vacate the award of attorney fees and otherwise affirm.

The facts relevant to the disposition of the appeal are not contested. On June 6, 1997, petitioner initiated this action for habeas corpus relief. The trial court dismissed the action. Petitioner appealed. He requested court-appointed counsel to assist with the appeal, and this court granted the request. The state filed a motion for summary affirmance, and we allowed the motion. The state then moved for an order requiring petitioner to pay the cost of his court-appointed counsel. The trial court allowed the state's motion.

On appeal, petitioner argues that requiring him to reimburse the state for the cost of his court-appointed attorney violates the constitutional prohibition against *ex post facto* laws. He reasons that ORS 151.505 authorizes the court to require a petitioner to pay such attorney fees only in cases initiated after January 1, 1998. Because he initiated this case well before that date, petitioner argues, applying the statute retroactively to him amounts to a retroactive punishment in violation of the constitution. The state argues that petitioner's arguments are not preserved and that, in any event, there is no *ex post facto* problem in this case because the trial court had authority to order the repayment of attorney fees under ORS 151.487(1), in effect when petitioner initiated this action.

We do not reach petitioner's constitutional argument because we conclude that the matter may be resolved on a statutory basis. *State v. Hovies*, 320 Or 414, 417, 887 P2d 347 (1994) ("although defendant's arguments focus on constitutional requirements, we first turn to the relevant statutes"). In *Alexander v. Johnson*, 164 Or App 235, 990 P2d 929 (1999), we held that ORS 151.505 authorizes the award of attorney fees only in cases initiated after January 1, 1998, and that the trial court's award of attorney fees in violation of that statute is plain error that may be reviewed notwithstanding a petitioner's failure to object to the trial court. We

further held that ORS 151.487(1) authorizes a trial court to order a petitioner to repay court-appointed attorney fees only at the time that the court determines that the petitioner is indigent and qualifies for court-appointed counsel. *Id.* at 239.

*Alexander* is squarely controlling. The trial court erred in ordering petitioner to pay his court-appointed attorney fees.

Judgment imposing expenses and compensation for court-appointed attorney vacated; otherwise affirmed.