Submitted on record and briefs March 2, vacated in part; otherwise affirmed
April 25, 2001

## JOHN ROBERT BOWEN,
*Appellant,*

*v.*

## Dan JOHNSON,
Superintendent,
Snake River Correctional Institution,
*Respondent.*

(98-01-29469M; CA A112210)

24 P3d 388

John R. Bowen filed the brief *pro se.*

Hardy Myers, Attorney General, Michael D. Reynolds, Solicitor General, and Daniel J. Casey, Assistant Attorney General, filed the brief for respondent.

Before Landau, Presiding Judge, and Linder and Brewer, Judges.

LANDAU, P. J.

## LANDAU, P. J.

Petitioner appeals a judgment dismissing his post-conviction claims and requiring him to pay for the cost of his own court-appointed attorney. Citing our decision in *Alexander v. Johnson*, 164 Or App 235, 238, 990 P2d 929 (1999), he assigns error to the portion of the judgment requiring him to pay the attorney fees. Citing our decision in *Bacote v. Johnson*, 169 Or App 44, 47-48, 7 P3d 729 (2000), *rev allowed* 331 Or 598 (2001), the state concedes that the trial court lacked authority to require petitioner to pay the fees, but it insists that we must affirm because the issue was not preserved in the trial court and is not identified as plain error on appeal.

In *Alexander*, the petitioner argued that the trial court lacked authority to require him to pay for his own court-appointed attorney, because the statute creating the authority did not yet apply to petitions filed when that case had been initiated. 164 Or App at 238-39. We held that, although the petitioner had not asserted that complaint to the trial court, it was plain error properly considered for the first time on appeal. *Id.* at 238.

In *Bacote*, the petitioner complained that the trial court's attorney fee award was unlawful because it was not accompanied by required findings. We declined to address the issue because the petitioner had failed to raise the issue to the trial court and also had failed to argue that it was plain error on appeal. *Bacote*, 169 Or App at 48 n 2.

Even assuming, as the state suggests, that *Bacote* stands for the proposition that one must explicitly invoke the plain error rule to advance a claim of error for the first time on appeal, petitioner in this case satisfied that requirement. He specifically cited *Alexander*, in which we expressly held (incidentally, without any invocation of plain error by the petitioner) that the issue properly could be considered for the first time on appeal. That is close enough. Incantation of the words "plain error" is not required.

We therefore accept the state's concession that the trial court lacked authority to require petitioner to pay the costs of his court-appointed attorney.

Portion of judgment requiring petitioner to pay for court-appointed attorney vacated; otherwise affirmed.