Submitted on record and briefs March 2, vacated in part; otherwise affirmed April 25, 2001

KENNETH S. ESTES,
*Appellant,*

*v.*

Dan JOHNSON,
Superintendent,
Snake River Correctional Institution,
*Respondent.*

(97-05-28787-M; CA A103358)

22 P3d 779

Bob Pangburn filed the briefs for appellant.

Hardy Myers, Attorney General, Michael D. Reynolds, Solicitor General, and Janet A. Metcalf, Assistant Attorney General, filed the brief for respondent.

Before Haselton, Presiding Judge, and Deits, Chief Judge, and Wollheim, Judge.

PER CURIAM

## PER CURIAM

Petitioner appeals the trial court's judgment denying his claim for post-conviction relief and requiring him to pay $975 in court-appointed attorney fees. Petitioner raises multiple assignments of error. We affirm on all assignments, without further discussion, except one. We reverse the judgment requiring petitioner to pay attorney fees.

Petitioner filed his petition on September 17, 1997. The statute authorizing the recovery of court-appointed attorney fees, ORS 151.505(1), provides that it applies only in cases in which the first petition was filed after January 1, 1998. In *Alexander v. Johnson*, 164 Or App 235, 990 P2d 929 (1999), we reversed a judgment requiring that petitioner pay a similar attorney fee, even though the petitioner had not raised the issue to the trial court. In that case, the respondent conceded error, and we exercised our discretion under *Ailes v. Portland Meadows, Inc.*, 312 Or 376, 823 P2d 956 (1991), to reach the unpreserved claim of error and reverse the judgment imposing the repayment of attorney fees.

In this case, respondent also concedes error, relying on *Alexander*. We accept respondent's concession of error. There is no statutory authority to require that petitioner pay the costs of his court-appointed attorney.

Portion of judgment imposing compensation obligation to pay $975 for court-appointed attorney vacated; otherwise affirmed.