Submitted on record and briefs October 5, judgment vacated; remanded for further proceedings November 14, 2001

ALFONSO HERNANDEZ-REYES,
*Appellant,*

*v.*

Robert O. LAMPERT,
Superintendent,
Snake River Correctional Institution,
*Respondent.*

98-10-30068M; A114174

35 P3d 1066

Alfonso Hernandez-Reyes filed the brief *pro se* for appellant.

Hardy Myers, Attorney General, Michael D. Reynolds, Solicitor General, and Kathleen Cegla, Assistant Attorney General, filed the brief for respondent.

Before Haselton, Presiding Judge, and Linder and Wollheim, Judges.

HASELTON, P. J.

## HASELTON, P. J.

In this post-conviction relief proceeding, petitioner appeals from a judgment pursuant to ORS 151.505, requiring him to pay $2,015.21 as the cost of his court-appointed appellate counsel, plus $123 for the cost of transcript preparation. We conclude that, from the record before us, the trial court could not have considered petitioner's ability to pay the cost of his court-appointed appellate representation, as required under ORS 151.505(4). Accordingly, we vacate the judgment and remand for further proceedings.

The material facts are undisputed. This case is before us for the second time. In his original appeal, petitioner challenged the trial court's denial of post-conviction relief and the court's determination that he must repay the cost of his court-appointed post-conviction relief trial counsel. In that original appeal, as at trial, petitioner was represented by court-appointed counsel. We affirmed without opinion, *Hernandez-Reyes v. Lampert*, 168 Or App 498, 9 P3d 159 (2000), *rev den* 331 Or 583 (2001), and thereafter approved his court-appointed appellate counsel's application for fees of $2,015.21, to be paid from the State Court Indigent Defense Account. ORS 151.465.[1] We subsequently, on March 14, 2001, issued our appellate judgment. That judgment, as pertinent here, included: (1) a "Money Judgment," which required petitioner, as the nonprevailing party, to pay $151.43 as costs on appeal;[2] and (2) a "Notice of Expenses and Compensation." That Notice stated:

> "The appellate court has certified expenses and compensation of appointed counsel. This is notice to the trial court so that it may exercise its discretion under ORS 151.505(2) to

---

[1] ORS 151.465 was repealed during the 2001 legislative session. Or Laws 2001, ch 962, § 115. To replace the State Court Indigent Defense Account, which had been created under ORS 151.465, the legislature established a Public Defense Services Account, to be administered by the newly established Public Defense Services Commission. Or Laws 2001, ch 962, §§ 2, 5. None of those changes, however, affects our resolution of the case.

[2] That award included a prevailing party fee, ORS 20.190(1)(a), and the cost of printing defendant's brief as respondent, ORS 20.310(2).

include the expenses and compensation of appointed counsel in the final judgment, in addition to transcript preparation expenses allowed by the trial court. The court has certified expenses and compensation in the amount of $2,015.21."

On March 22, 2001, the appellate court judgment was filed by the trial court clerk.[3] The next day, March 23, the trial court—presumably pursuant to ORS 151.505(1)[4]— signed a judgment that required petitioner to pay the State of Oregon $2,015.21 as "the expenses and compensation of the Court Appointed Attorney on Appeal," as well as $123 for transcript preparation costs. That judgment further provided that the judgment was to be paid from petitioner's inmate trust account "as funds become available," was to be paid at a rate of $50 per month beginning within 60 days of petitioner's release, and was to be paid in full by the "end of probation, parole or post-prison supervision." That judgment was subsequently docketed.

Petitioner now appeals from that judgment, raising a variety of challenges to the trial court's requirement that he repay the cost of his appellate representation. We reject, without discussion, all of petitioner's arguments save one.

Petitioner argues that, under ORS 151.505(4), the court, in requiring petitioner to pay for the cost of his appellate representation, was required to consider his ability to pay those costs *as of the time that judgment was rendered*. That is, the court was obligated to consider his ability to pay as of March 23, 2001, and thereafter. He further asserts that the record is totally devoid of any evidence of his ability to pay as of that date—and, thus, the trial court could not have engaged in the requisite consideration. We agree.

---

[3] It was docketed on March 29, 2001.

[4] ORS 151.505(1) provides:

"At the conclusion of a case or matter in which the first accusatory instrument or petition in the trial court was filed after January 1, 1998, and in which the court appointed counsel to represent a person, a trial or appellate court may include in its judgment an order that the person repay in full or in part the administrative costs of determining the eligibility of the person for appointed counsel and the costs of the legal and other services that are related to the provision of appointed counsel."

ORS 151.505(4) provides:

"The court may not order a person to pay costs under this section unless the person is or may be able to pay the costs. In determining the amount and method of payment of costs, the court shall take account of the financial resources of the person and the nature of the burden that payment of costs will impose. The determination of the ability of a person to pay costs and the amount of costs to be paid shall be subject to the guidelines and procedures issued by the State Court Administrator under ORS 151.487."

Whatever the court's obligation under ORS 151.505(4) to expressly determine, or render findings, as to a person's ability to pay—*see Bacote v. Johnson*, 169 Or App 44, 7 P3d 729 (2000), *rev allowed* 331 Or 598 (2001) (trial court was not obligated to make an explicit determination as to petitioner's ability to pay where a petitioner did not request such a determination); *but see id.* at 50 (Wollheim, J., dissenting)—the statute explicitly commands the court "to take account of the financial resources of the person and the nature of the burden that payment of costs will impose." ORS 151.505(4). Here, there was nothing for the court "to take account of" at the time it imposed judgment for the cost of appellate representation. That is, the court could not have engaged in the statutorily prescribed inquiry. Rather, the timing and sequence of events strongly demonstrate that the court, in ministerial fashion, simply converted the "Notice of Expenses and Compensation" in the appellate judgment into a money judgment.[5]

Defendant argues, nevertheless, that we cannot "reasonably address" petitioner's argument "because petitioner has provided nothing from which this court may determine whether the post-conviction trial court 'failed to adequately consider' his ability to pay." In that connection, defendant suggests that, if petitioner wished to raise that

---

[5] If that was, in fact, the court's process, it misapprehended the nature and effect of that component of the appellate judgment. The "Notice of Expenses and Compensation" merely confirms that certain fees and expenses have been "certified," *i.e.*, that appointed counsel's request for payment has been judicially approved. The Notice does not purport to approve recoupment of such expenses pursuant to ORS 151.505—but, rather, states explicitly that that is a matter committed to the trial court.

argument, it was incumbent upon him to "make a record," including requesting a hearing pursuant to ORS 151.505(5).[6]

We disagree. Petitioner *did* "make" his record—he provided us with the entire record, which establishes that the trial court could not have engaged in the inquiry prescribed by ORS 151.505(4). Moreover, to the extent the state points to ORS 151.505(5) in this context, that statute is inapposite by its terms ("A person *who has been ordered* to pay costs * * *") (emphasis added): That statute pertains to situations in which, after the entry of a judgment for costs, a party can seek modification of the judgment if, under then-extant circumstances, payment will result in "manifest hardship."

The trial court erred in imposing the post-appellate judgment for the costs of petitioner's appellate representation without considering petitioner's ability to pay.

Judgment vacated; remanded for further proceedings.

---

[6] ORS 151.505(5) provides:

"A person who has been ordered to pay costs under this section and who is not in contumacious default in the payment of the costs may at any time petition the court for remission of the payment of costs or any unpaid portion of the costs. If it appears to the satisfaction of the court that payment of the amount due will impose manifest hardship on the person ordered to repay or on the immediate family of the person, the court may remit all or part of the amount due or modify the method of payment."