Submitted on record and briefs January 4, money judgment reversed
February 6, 2002

### ARTURO OVIEDO,
*Appellant,*

*v.*

### Dan JOHNSON,
Superintendent,
Snake River Correctional Institution,
*Respondent.*

### 980329617M; A114201

39 P3d 919

Arturo Oviedo filed the brief *pro se*.

Hardy Myers, Attorney General, Michael D. Reynolds, Solicitor General, and Stacey RJ Guise, Assistant Attorney General, filed the brief for respondent.

Before Haselton, Presiding Judge, and Linder and Wollheim, Judges.

HASELTON, P. J.

**HASELTON, P. J.**

Petitioner appeals, assigning error to the entry of a money judgment that required petitioner to pay $1,606.79 for transcript costs and the cost of his court-appointed appellate counsel in his previous appeal. *Oviedo v. Johnson*, 170 Or App 682, 13 P3d 556 (2000), *rev den* 331 Or 583 (2001) (*Oviedo I*). The state concedes that the judgment is erroneous. For the reasons that follow, we determine that that concession is well-founded, and, consequently, reverse the money judgment.

Petitioner filed his original petition for post-conviction relief on June 24, 1997. On March 9, 1999, the trial court entered a judgment denying post-conviction relief and imposing a money judgment of $975, representing the costs of petitioner's court-appointed trial counsel, against petitioner.

Petitioner appealed, arguing, *inter alia*, that the trial court lacked authority under ORS 151.505 to require repayment of petitioner's trial counsel's fees because petitioner had filed his original petition for post-conviction relief before the effective date of ORS 151.505, January 1, 1998. *See Alexander v. Johnson*, 164 Or App 235, 238, 990 P2d 929 (1999) ("Petitioner correctly notes that ORS 151.505 did not provide the trial court with the authority to impose attorney fees in his post-conviction proceeding because petitioner filed his original petition before the effective date of the statute."). In *Oviedo I*, we agreed, and, citing *Alexander*, we vacated the money judgment. 170 Or App at 682. We also approved and certified the fees of petitioner's court-appointed appellate counsel pursuant to the process described in *Hernandez-Reyes v. Lampert*, 178 Or App 76, 78-79, 35 P3d 1066 (2001).[1]

Following the filing of the appellate court judgment in *Oviedo I* with the trial court clerk, the trial court entered a new money judgment, requiring petitioner to repay the costs

---

[1] As in *Hernandez-Reyes*, our appellate judgment in *Oviedo I* included a "Notice of Expenses and Compensation," which provided, in part, that

"[t]his is notice to the trial court so that it may exercise its discretion under ORS 151.505(2) to include the expenses and compensation of appointed counsel in the final judgment, in addition to transcript preparation expenses allowed by the trial court."

of his appellate representation in *Oviedo I*, including attorney fees ($1,498.79) and transcript costs ($108). Petitioner now appeals again. He argues that, just as the trial court lacked authority under ORS 151.505 to require him to pay the costs of his court-appointed trial representation in *Oviedo I*, it similarly lacked the authority to require him to repay the costs of his court-appointed appellate representation.

Petitioner is correct. The fact that petitioner's notice of appeal in *Oviedo I* was filed after January 1, 1998, or that appellate services were rendered after that date, is immaterial. ORS 151.505(1) authorizes recoupment only when "the first accusatory instrument or petition in the trial court was filed after January 1, 1998." That did not occur here.

Money judgment reversed.