Submitted on record and briefs July 6, 2001, affirmed February 20, 2002

# HOWARD COLLINS,
*Appellant,*

*v.*

# Dan JOHNSON,
Superintendent,
Snake River Correctional Institution,
*Respondent.*

## 96-01-27-785M; A107391

40 P3d 1107

Hardy Myers, Attorney General, Michael D. Reynolds, Solicitor General, and Holly A. Vance, Assistant Attorney General, filed the brief for respondent.

Before Haselton, Presiding Judge, and Linder and Wollheim, Judges.

WOLLHEIM, J.

## WOLLHEIM, J.

Petitioner appeals from an order denying his motion for the return of funds withdrawn from his inmate trust account to recoup indigent representation expenses incurred in a prior appeal in this post-conviction proceeding. For the following reasons, we affirm.

■ Petitioner initially filed his petition for post-conviction relief in 1996. He prevailed in part on his petition but appealed on the issues on which he did not prevail. Petitioner was represented by court-appointed counsel and a transcript of trial court proceedings was prepared at state expense for the appeal. We affirmed without opinion, and the Oregon Supreme Court denied review. *Collins v. Johnson*, 152 Or App 153, 951 P2d 20, *rev den* 326 Or 530 (1998). On June 9, 1998, this court issued an appellate judgment in that case stating:

> "This is notice to the trial court that it may exercise its discretion under ORS 161.665(2) to include the expenses and compensation of appointed counsel in the final judgment, in addition to transcript preparation expenses allowed by the trial court. The court has certified expenses and compensation in the amount of $1,213.65."[1]

On August 7, 1998, the trial court entered a money judgment against petitioner in the amount of $1,213.65 for attorney fees and $90 in transcript preparation costs, for a total of $1303.65. The judgment included a provision authorizing withdrawals from petitioner's inmate trust account as funds became available. Petitioner did not appeal the trial court's judgment for appellate indigent representation expenses.

In September of 1998, petitioner's inmate trust account was debited $58.16 to pay toward the judgment. In July of 1999, petitioner filed a motion for the return of the

---

[1] ORS 161.665 does not apply to post-conviction proceedings. *Alexander v. Johnson*, 164 Or App 235, 238, 990 P2d 929 (1999). ORS 151.487 does apply to post-conviction cases generally, but, for the reasons stated in *Alexander*, 164 Or App at 239, it does not authorize imposition of appellate indigent representation expenses against petitioner in this case. Defendant does not argue on appeal that any statutory basis existed for the imposition of appellate indigent representation expenses against petitioner in this case.

funds debited from his trust account. The trial court denied petitioner's motion, and the present appeal ensued.

Petitioner argues on appeal that the trial court erred in denying his motion for return of the funds debited from his inmate trust account. We agree that our appellate judgment contained incorrect information and that the award of indigent representation expenses was erroneous, because no basis existed for the assessments of such a charge. We have, in fact, acknowledged a similar error in *Oviedo v. Johnson*, 179 Or App 405, 39 P3d 919 (2002). In *Oviedo*, the appellate judgment erroneously stated that fees could be awarded under ORS 151.505. That statute, however, was not in effect when the petitioner filed his petition. *Id.* at 608. The petitioner appealed the trial court's judgment imposing fees, and we reversed. *Id.*

■ The present case, however, is distinguishable from *Oviedo* because, unlike the petitioner in *Oviedo*, petitioner here did not appeal from the trial court's judgment imposing indigent representation expenses. Rather, petitioner filed his motion seeking return of the funds debited from his account nearly a year earlier. In *Oviedo*, the petitioner made a direct attack on an erroneous term in a judgment; here, by comparison, petitioner sought relief only after its enforcement.

■ The type of relief petitioner sought does not, however, address the underlying problem. Petitioner sought the return of the funds deducted from his inmate trust account, but he did not attack the underlying judgment that imposed the monetary obligation, nor has he contested the authority of the trial court to authorize withdrawal of funds from his inmate trust account to satisfy the judgment. With the underlying money judgment still in place, the trial court had no grounds to order the return of the funds deducted from petitioner's trust account. Accordingly, the trial court did not err in denying petitioner's motion.

We do not mean to suggest, however, that petitioner has no recourse in this situation. The underlying error in this case was contained in our appellate judgment terminating a prior appeal in the post-conviction relief case. The error was ours. Petitioner may file a motion in this court asking that we recall the appellate judgment in the earlier appeal (A96422)

and issue a corrected judgment that deletes the erroneous term. *See* ORS 19.270(6)(a) (appellate court may recall judgment as justice may require). With a corrected appellate judgment in hand, petitioner would be in a position to file a motion under ORCP 71 B(1)(e) in the trial court, seeking relief from the judgment that served as the basis for the deduction of funds from his inmate trust account.[2]

Affirmed.

---

[2] ORCP 71 B(1)(e) provides in pertinent part that a "court may relieve a party or such party's legal representative from a judgment [if] * * * the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application."