On appellant's and respondent's joint motion for remand filed September 18,
vacated and remanded in part; otherwise affirmed November 6, 2002

BRIAN DEWITT,
*Appellant,*

*v.*

Dan JOHNSON,
Superintendent,
Snake River Correctional Institution,
*Respondent.*

980729869M; A113673

56 P3d 966

Bob Pangburn and Hardy Myers, Attorney General, Michael D. Reynolds, Solicitor General, and Kathleen Cegla, Assistant Attorney General, for motion.

Before Brewer, Presiding Judge, and Wollheim and Kistler, Judges.

PER CURIAM

## PER CURIAM

This is the second time this matter has been before us. In the initial proceeding plaintiff appealed from the trial court's dismissal of his petition for a writ of habeas corpus. We granted defendant's motion for summary affirmance. ORS 34.712. In the appellate judgment, we certified $1,964.49 in court-appointed attorney fees. After the appellate judgment was entered, the trial court entered a money judgment against plaintiff in the amount of $2,012.49 ($1,964.49 in attorney fees and $48.00 in transcription costs). Plaintiff appeals from that judgment. The parties have jointly moved to remand the case to the trial court.

Plaintiff argues that the trial court erred in not considering his ability to pay. ORS 151.505(4); *see Bacote v. Johnson*, 333 Or 28, 35 P3d 1019 (2001). Plaintiff also relies on *Hernandez-Reyes v. Lampert*, 178 Or App 76, 35 P3d 1066 (2001), where we held that it was error for the trial court to enter a money judgment against a petitioner in a post-conviction proceeding based on the appellate judgment without considering the petitioner's ability to pay. *Id.* at 81. The state concedes error, and we accept the concession.

We vacate the judgment for attorney fees and remand this matter to the trial court for it to consider plaintiff's ability to pay.

Motion to remand granted; judgment for attorney fees vacated; remanded.