Argued and submitted September 7, decision of Court of Appeals and judgment of circuit court reversed; case remanded to circuit court November 30, 2001

DENNIS BACOTE,
*Petitioner on Review,*

*v.*

Dan JOHNSON,
Superintendent,
Snake River Correctional Institution,
*Respondent on Review.*

(CC 98-06-29826M; CA A105109; SC S47861)

35 P3d 1019

Bob Pangburn, Caldwell, Idaho, argued the cause and filed the brief for petitioner on review. With him on the brief was Rebecca Neal-Richardson, Caldwell, Idaho.

Daniel J. Casey, Assistant Attorney General, Salem, argued the cause and filed the briefs for respondent on review. With him on the briefs were Hardy Myers, Attorney General, and Michael D. Reynolds, Solicitor General.

Before Carson, Chief Justice, and Gillette, Durham, Leeson, Riggs, and Balmer, Justices.**

LEESON, J.

---

** De Muniz, J., did not participate in the consideration or decision of this case.

## LEESON, J.

In this post-conviction proceeding, petitioner alleged that he had received inadequate assistance of counsel at trial and that his sentences were illegal. The circuit court denied relief and assessed costs against petitioner in the amount of $975. The Court of Appeals affirmed. *Bacote v. Johnson*, 169 Or App 44, 46, 7 P3d 729 (2000). That court declined to address petitioner's argument regarding costs of appointed counsel, because it believed that petitioner had not preserved that argument. *Id.* This court allowed review of only two issues: whether petitioner preserved his argument and whether the circuit court erred in assessing $975 in costs of appointed counsel without first determining petitioner's ability to pay those costs. For the reasons that follow, we reverse the decision of the Court of Appeals regarding costs, reverse the circuit court's assessment of costs, and remand the case to the circuit court.

The following facts are not in dispute. In June 1998, petitioner filed a petition for post-conviction relief alleging that the sentences he had received after pleading guilty to charges of attempted assault and delivery of a controlled substance were illegal and that he had received inadequate assistance of counsel. Petitioner also filed an affidavit of indigence and requested appointed counsel to represent him in the post-conviction proceeding. The circuit court appointed counsel to represent petitioner. After the court denied relief on the merits of petitioner's claim, the court stated that it intended to order petitioner to repay the costs of his appointed counsel. The parties agree that the court was relying on ORS 151.505[1] as authority for ordering petitioner to

---

[1] ORS 151.505 provides, in part:

"(1) At the conclusion of a case or matter in which the first accusatory instrument or petition in the trial court was filed after January 1, 1998, and in which the court appointed counsel to represent a person, a trial * * * court may include in its judgment an order that the person repay in full or in part * * * the costs of the legal and other services that are related to the provision of appointed counsel.

"(2) Costs repayable under this section include a reasonable attorney fee for counsel appointed to represent the person and a reasonable amount for expenses authorized under ORS 135.055. * * *

"(3) Costs repayable under this section do not include costs imposed and paid under a previous order under ORS 151.487, but may include costs

repay the costs of court-appointed counsel. Petitioner objected to the assessment of costs as follows:

"[COUNSEL]: * * * On behalf of [petitioner] I object to the imposition of the $975.00 in attorney reimbursement fees. *The basis for my objection is that there's been no showing that [petitioner] has the ability to pay. There has not even been an inquiry as to whether he has the ability to pay* that he—without undue hardship. He is indigent, he has been declared indigent by this Court. He [is] scheduled to be in the institution for still some period of time and he is— and those rare occasions when he is employed he is making maybe less than one twentieth of minimum wage. Consequently—and that money still has to go to pay for shaving supplies, health care products * * *, tennis shoes, things of that nature. Consequently, we believe that he is unable to pay and that it should not be imposed.

"THE COURT: *Your objection is noted.* I'll have— indicate copies of the order and judgment need to be sent to the parties. Anything else we need to address?"

(Emphasis added.) The court included in its judgment an order requiring petitioner to repay $975, the amount that petitioner's court-appointed counsel had charged the state to represent him in the post-conviction proceeding.

On appeal, petitioner assigned error to the circuit court's failure to make a determination that petitioner is or may be able to pay costs. As noted, a panel of the Court of Appeals, with one judge dissenting, declined to address that claim on the ground that petitioner had not preserved it. *Bacote*, 169 Or App at 46. We begin with the preservation issue.

■ Petitioner contends that his objection challenged the circuit court's authority to impose the costs of appointed

imposed under an order under ORS 151.487 that are unpaid at the time the judgment is filed.

"(4) The court may not order a person to pay costs under this section unless the person is or may be able to pay the costs. In determining the amount and method of payment of costs, the court shall take account of the financial resources of the person and the nature of the burden that payment of costs will impose. The determination of the ability of a person to pay costs and the amount of costs to be paid shall be subject to the guidelines and procedures issued by the State Court Administrator under ORS 151.487."

counsel under ORS 151.505 because there had been no determination that petitioner is or may be able to pay costs. Petitioner's objection at the post-conviction hearing stated, in part, that "[t]here has not even been an inquiry as to whether [petitioner] has the ability to pay." That objection was sufficient to alert the court and defendant to petitioner's claim that the court erred in assessing costs under ORS 151.505 without first determining his ability to pay those costs. *See State v. Wyatt*, 331 Or 335, 343, 15 P3d 22 (2000) (holding party must provide trial court with explanation of objection specific enough to ensure that court can identify alleged error and correct it immediately if correction warranted). The Court of Appeals erred in holding that petitioner had failed to preserve that issue. We turn to the merits, namely, whether the circuit court erred in assessing $975 in costs of appointed counsel without first determining petitioner's ability to pay those costs.

Petitioner contends that ORS 151.505(4) requires the court to determine that a person is or may be able to pay the costs of appointed counsel before the court may impose costs. He argues that nothing in the record indicates that the court made that kind of determination in his case. Defendant responds that petitioner's objection to the assessment of costs demonstrated that he had the ability to pay costs, because his objection established that he earns at least some money when he works in prison. Moreover, defendant contends, a reviewing court should presume that the circuit court complied with the requirements of ORS 151.505(4) so long as there is evidence in the record to support its order.

To resolve the parties' dispute over what a court must do in determining a person's ability to pay costs under ORS 151.505, we must construe the statute. Our task is to discern the intent of the legislature. ORS 174.020;[2] *see PGE v. Bureau of Labor and Industries*, 317 Or 606, 610, 859 P2d

---

[2] The legislature amended ORS 174.020 in 2001. Or Laws 2001, ch 438. Those amendments relate, in part, to a court's use of legislative history in the interpretation of statutes. Those amendments apply only to actions commenced on or after June 18, 2001. Or Laws 2001, ch 438, §§ 2 & 3. Petitioner filed his petition for post-conviction relief on June 24, 1998. Therefore, the amendments to ORS 174.020 do not apply in this case.

1143 (1993) (summarizing methodology for construing statutes).

By its terms, ORS 151.505(1) authorizes a trial court, at the conclusion of a case or matter filed after January 1, 1998, to include in its judgment an order requiring a person who has received appointed counsel to repay in full or in part the costs of the legal and other services related to the provision of appointed counsel. ORS 151.505(2) identifies the costs that are repayable under ORS 151.505, which include a reasonable attorney fee and a reasonable amount of expenses authorized under ORS 135.055. ORS 151.505(3) provides that costs under the statute do not include costs imposed and paid under a previous order under ORS 151.487. However, costs under the statute may include costs imposed under ORS 151.487 that are unpaid at the time when the judgment is filed.

ORS 151.505(4) is the source of the interpretive dispute in this proceeding regarding a person's ability to pay costs. That subsection contains a limitation on the authority that is granted in ORS 151.505(1). A court may *not* order a person to pay costs unless the person "is or may be able to pay" the costs. The words "is" and "may be able to" refer to the person's present or future ability to pay costs. Only a person who presently is able, or who may be able in the future, to pay costs may be ordered to do so. Subsection (4) further provides that the determination of the person's ability to pay costs and the amount of costs to be repaid "shall be subject to the guidelines and procedures issued by the State Court Administrator under ORS 151.487." The term "shall" is a command expressing what is mandatory. *See Preble v. Dept. of Rev.*, 331 Or 320, 324, 14 P3d 613 (2000) (so stating). Finally, subsection (4) directs the court to determine the amount and the method of payment of costs. The statute provides that the court, in making that determination, "shall take account of" the person's financial resources and the nature of the burden that payment of costs will impose.

ORS 151.505(4) thus contemplates a two-step process. First, the court must determine if the person is or, in the future, may be able to pay costs and the amount of costs to be repaid. The determination of the person's ability to pay costs

and the amount of costs to be repaid is subject to the guidelines and procedures issued by the State Court Administrator. Next, assuming that the person has the ability to pay costs, the court must determine the amount and the method of payment of costs. In making that determination, ORS 151.505(4) directs the court to "take account of" the person's financial resources and the nature of the burden that payment of costs will impose.

As noted, this case involves only the first step of that two-step process. Under that step, the statute provides that the determination of a person's ability to pay and the amount of costs to be repaid is subject to the guidelines and procedures issued by the State Court Administrator. Because the legislature has declared in mandatory terms how the court is to determine the person's ability to pay costs and the amount of costs to be repaid, the record must indicate that the court made that determination subject to the guidelines and procedures issued by the State Court Administrator.

■ In this case, after petitioner objected to the imposition of costs on the ground that there had been no inquiry about his ability to pay, the circuit court merely noted the objection and then imposed costs equal to the amount that petitioner's court-appointed counsel had charged the state to represent petitioner. We find no indication in the record that the court made the determination of petitioner's ability to pay costs and the amount of costs to be repaid in the manner prescribed by ORS 151.505(4), namely, subject to the guidelines and procedures issued by the State Court Administrator.

The decision of the Court of Appeals regarding assessment of costs is reversed. The judgment of the circuit court regarding assessment of costs is reversed. The case is remanded to the circuit court for further proceedings.