Submitted on record and briefs March 3, vacated and remanded for
further proceedings April 26, 2006

In the Matter of
Steven McLaughlin, Jr., a Youth.

STATE ex rel JUVENILE DEPARTMENT OF
LINN COUNTY,
*Respondent,*

*v.*

Steven McLAUGHLIN, Jr.,
*Appellant.*

J01-0306; A126984

134 P3d 964

Karen S. Torry filed the brief for appellant.

Hardy Myers, Attorney General, Mary H. Williams, Solicitor General, and Laura S. Anderson, Assistant Attorney General, filed the brief for respondent.

Before Haselton, Presiding Judge, and Armstrong and Rosenblum, Judges.

PER CURIAM

## PER CURIAM

Youth appeals from a juvenile court judgment finding him to be within the jurisdiction of the juvenile court and ordering him to pay fees for his court-appointed attorney. On appeal, youth argues that the trial court erred in ordering him to pay court-appointed attorney fees without first considering youth's ability to pay those fees. The state concedes that the trial court erred in failing to consider youth's ability to pay. As explained below, we find that concession to be well founded, and vacate and remand for further proceedings.

ORS 419C.203(1) provides that, when court-appointed counsel represents a youth, the court may order a youth, "if able," to pay costs related to the provision of court-appointed counsel. ORS 419C.203(2) provides that "[t]he test of the youth's * * * ability to pay costs under subsection (1) of this section is the same test as applied to appointment of counsel for defendants under ORS 135.050 or under the policies, procedures, standards and guidelines adopted under ORS 151.216." ORS 135.050(8), in turn, provides in pertinent part that a court may require a criminal defendant to pay for court-appointed attorney costs pursuant to ORS 151.487 and ORS 151.505. Finally, ORS 151.487 specifically requires a court to consider a defendant's ability to pay and ORS 151.505 has been interpreted as having a similar requirement. *Bacote v. Johnson,* 333 Or 28, 33-34, 35 P3d 1019 (2001). ORS 419C.203 thus requires a court to make a determination of a youth's ability to pay court-appointed attorney fees.

Vacated and remanded for further proceedings.