Submitted August 26, 2010, affirmed February 16, petition for review denied May 5, 2011 (350 Or 297)

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

KANDEL DEREEM ASHLEY,
*Defendant-Appellant.*

Washington County Circuit Court
C082767CR; A142661

249 P3d 125

Peter Gartlan, Chief Defender, and Ingrid A. MacFarlane, Deputy Public Defender, Appellate Division, Office of Public Defense Services, filed the brief for appellant.

John R. Kroger, Attorney General, Jerome Lidz, Solicitor General, and Leigh A. Salmon, Assistant Attorney General, filed the brief for respondent.

Before Ortega, Presiding Judge, and Sercombe, Judge, and Nakamoto, Judge.*

NAKAMOTO, J.

---

* Nakamoto, J., *vice* Landau, J. pro tempore.

**NAKAMOTO, J.**

Defendant appeals a judgment of conviction for attempted aggravated murder, burglary, assault, sexual abuse, theft, and unlawful use of a weapon, contending that the trial court erred in imposing a requirement that he pay the fees of his court-appointed lawyer without first making findings concerning his ability to pay. We conclude that defendant's contention was not preserved, because he did not ask the trial court to make findings. We therefore decline to consider it.

Defendant pleaded guilty to the charged offenses. As part of his sentence, the sentencing court ordered defendant to pay $2,976 in court-appointed attorney fees. In light of the length of his sentence, defendant asked the court to waive imposition of the fees, but he did not specifically request findings on his ability to pay. The court declined to waive the fees, stating, "[N]ot that he'll ever pay them, but I'm not going to waive them." The court did not make findings concerning defendant's ability to pay. Defendant contends that the failure to make findings is reversible error.

Two statutes provide courts with authority to order criminal defendants to pay the costs of their court-appointed attorneys. The first, ORS 151.505, provides, in part:

"(1)  At the conclusion of a case or matter in which the first accusatory instrument or petition in the trial court was filed after January 1, 1998, and in which the court appointed counsel to represent a person, a trial, appellate or post-conviction court may include in its judgment an order that the person repay in full or in part the administrative costs of determining the eligibility of the person for appointed counsel and the costs of the legal and other services that are related to the provision of appointed counsel.

"(2)  Costs repayable under this section include a reasonable attorney fee for counsel appointed to represent the person and a reasonable amount for expenses authorized under ORS 135.055. * * *

"* * * * *

"(4)  The court may not order a person to pay costs under this section unless the person is or may be able to pay

the costs. In determining the amount and method of payment of costs, the court shall take account of the financial resources of the person and the nature of the burden that payment of costs will impose."

Similarly, ORS 161.665 provides for payment of court-appointed attorney fees as part of a sentence:

"(1) Except as provided in ORS 151.505, the court, only in the case of a defendant for whom it enters a judgment of conviction, may include in its sentence thereunder a provision that the convicted defendant pay as costs expenses specially incurred by the state in prosecuting the defendant. Costs include a reasonable attorney fee for counsel appointed pursuant to ORS 135.045 or 135.050 * * *.

"* * * * *

"(4) The court may not sentence a defendant to pay costs under this section unless the defendant is or may be able to pay them. In determining the amount and method of payment of costs, the court shall take account of the financial resources of the defendant and the nature of the burden that payment of costs will impose."

Both statutes permit a trial court to order payment of the costs of the defendant's court-appointed attorney upon a determination that the defendant "is or may be able to pay" them. In determining the amount of costs and the manner in which the defendant will pay them, the trial court must "take account of the financial resources" of the defendant and "the nature of the burden that payment of costs will impose." ORS 151.505(4); ORS 161.665(4).

In *Bacote v. Johnson*, 333 Or 28, 33, 35 P3d 1019 (2001), the Supreme Court described the requirements for imposing costs on a convicted defendant:

"ORS 151.505(4) * * * contemplates a two-step process. First, the court must determine if the person is or, in the future, may be able to pay costs and the amount of costs to be repaid. * * * Next, assuming that the person has the ability to pay costs, the court must determine the amount and the method of payment of costs. In making that determination, ORS 151.505(4) directs the court to 'take account of' the person's financial resources and the nature of the burden that payment of costs will impose."

In *Bacote*, the Supreme Court reversed this court's affirmance of the trial court's imposition of court-appointed attorney fees because, the court said, there was "no indication in the record that the court made the determination of petitioner's ability to pay costs and the amount of costs to be repaid in the manner prescribed by ORS 151.505(4)[.]" 333 Or at 34; *see State v. Ross*, 199 Or App 1, 15, 110 P3d 630, *adh'd to as modified on recons*, 200 Or App 143, 113 P3d 921, *rev den*, 340 Or 157 (2006) (holding that court erred in ordering the defendant to pay court-appointed attorney fees under ORS 161.665(3) (1999) without making findings with respect to the defendant's present ability to pay, as required by ORS 161.675(1)). Defendant asserts on appeal that the statutes and *Bacote* together require the sentencing court to make express findings concerning the defendant's ability to pay, and that the trial court erred in failing to make those findings here.

■      We decline to address defendant's contention that the court erred, because we conclude that it is not preserved. As noted, at sentencing, after the court had imposed the sentence and ordered defendant to pay his court-appointed lawyer's fees in the amount of $2,976, defense counsel asked if the court would consider waiving payment of fees given defendant's lengthy sentence. Also as noted, the court declined. Defendant did not ask the court to make findings concerning his ability to pay. The Supreme Court has held, in many contexts, that preservation requirements apply to the error of failing to make special findings. *Peeples v. Lampert*, 345 Or 209, 223, 191 P3d 637 (2008) ("the usual rules of preservation apply to challenge a trial court's failure to make" the special findings required by *Pamplin v. Victoria*, 319 Or 429, 877 P2d 1196 (1994), in order to support a sanction of dismissal for a party's failure to appear at the party's own deposition); *State v. Bucholz*, 317 Or 309, 855 P2d 1100 (1993) (defendant did not preserve challenge to trial court's failure to make express findings in imposing consecutive sentences). The court stated its rationale in *Peeples*:

> "Requiring a party to alert a trial court to its failure to make special findings that are material to the decision, given the issues framed by the parties, serves the salutary purpose of

permitting the trial court to avoid making an error or to correct an error already made. The policies of using judicial resources efficiently and not blindsiding a trial court are strong ones that underlie preservation requirements in other contexts. Those policies are no less strong here."

345 Or at 222-23. The same rationale that supported the Supreme Court's conclusion in *Peeples* applies in the context of any special findings that might be required under ORS 151.505 and ORS 161.665. Because defendant did not request special findings, we conclude that he has not preserved his challenge to the trial court's failure to make them.

■ We note that defendant does not contend that the failure to make findings is plain error under ORAP 5.45(1). Assuming that we were to conclude that it is plain error, however, we would decline in this case to exercise our discretion to review the error. *See State ex rel Dept. of Human Services v. J. N.*, 225 Or App 139, 145, 200 P3d 615 (2009) (declining to exercise discretion to review plain error in failing to make required findings because, among other reasons, had the findings been requested, the trial court easily could have complied with the request). We note, further, that defendant does not contend that the sentencing court lacked authority to impose payment of attorney fees because there is an absence of evidence of his ability to pay them. *See State v. Kanuch*, 231 Or App 20, 24, 217 P3d 1082 (2009) (defendant could not be ordered to pay court-appointed fees as part of his sentence absent evidence as to defendant's ability to pay the fees).

Affirmed.