Submitted September 4, portion of judgment requiring defendant to pay attorney fees reversed, otherwise affirmed October 21, 2015

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

CRYSTAL MARIE WALKER,
*Defendant-Appellant.*

Coos County Circuit Court
13CR1517; A156746

360 P3d 754

Peter Gartlan, Chief Defender, and Lindsey Burrows, Deputy Public Defender, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Paul L. Smith, Deputy Solicitor General, and Leigh A. Salmon, Assistant Attorney General, filed the brief for respondent.

Before Duncan, Presiding Judge, and DeVore, Judge, and Flynn, Judge.

PER CURIAM

**PER CURIAM**

In this criminal case, defendant appeals the trial court's judgment, assigning error to the trial court's imposition of $400 in court-appointed attorney fees. Defendant did not object to the fees and asks that we exercise our discretion to review the assigned error as a "plain error." *See* ORAP 5.45(1) (authorizing appellate courts to review an unpreserved error as an "error of law apparent on the record"). The state concedes that the trial court plainly erred by imposing the fees. For the reasons explained below, we agree with the parties that the trial court erred by imposing the fees, and we exercise our discretion to correct the error. Accordingly, we reverse the portion of the judgment imposing the fees and otherwise affirm.

A court may not order a defendant to pay court-appointed attorney fees unless there is evidence in the record upon which the court could find that the defendant "is or may be able" to pay the fees. ORS 151.505; ORS 161.665; *Bacote v. Johnson*, 333 Or 28, 33, 35 P3d 1019 (2001). Therefore, "a court cannot impose attorney fees based on a record that is silent regarding the defendant's ability to pay those fees." *State v. Pendergrapht*, 251 Or App 630, 634, 284 P3d 573 (2012).

In this case, defendant asserts that the trial court erred by imposing the fees because "the record is silent regarding defendant's ability to pay" them, and the state agrees. Defendant further asserts that we should exercise our discretion to correct the error. Given defendant's indigence and the fact that, because the record is silent with respect to defendant's financial resources, this is not a case in which the trial court could have made the necessary finding regarding defendant's ability to pay if the issue had been brought to its attention, we agree that it is appropriate for us to correct the error. *See State v. Ramirez-Hernandez*, 264 Or App 346, 349, 332 P3d 338 (2014) (exercising discretion to correct erroneous imposition of $400 in court-appointed attorney fees where, in light of the defendant's circumstances, the amount was "substantial").

Portion of judgment requiring defendant to pay attorney fees reversed; otherwise affirmed.