Submitted September 29, portions of judgments requiring defendant to pay attorney fees reversed, otherwise affirmed November 4, 2015

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

CODY MICHAEL SARANPAA,
*Defendant-Appellant.*

Clatsop County Circuit Court
121178, 121206;
A156277 (Control), A156278

360 P3d 1290

Peter Gartlan, Chief Defender, and Andrew D. Robinson, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Anna M. Joyce, Solicitor General, and Carson L. Whitehead, Assistant Attorney General, filed the brief for respondent.

Before Duncan, Presiding Judge, and DeVore, Judge, and Flynn, Judge.

PER CURIAM

## PER CURIAM

In these consolidated criminal cases, defendant appeals the trial court's judgments revoking his probation and imposing 65 months in prison. In each case, defendant contends that the trial court erred by imposing court-appointed attorney fees in his absence. Although the trial court held a probation violation hearing, at which defendant was present, and imposed sanctions on the record, the sanctions did not include court-appointed attorney fees. The fees were first imposed in the trial court's written judgments.

Because the trial court did not impose the fees in open court, defendant was not required to object to them in order for us to review them. *State v. DeCamp*, 158 Or App 238, 241, 973 P2d 922 (1999) (a party cannot be required to raise an objection when the party was not on notice of the trial court's intended action and had no opportunity to be present when the trial court acted).

The state agrees that the trial court erred in imposing the court-appointed attorney fees and concedes that there is insufficient evidence to support the imposition of the fees. We accept the state's concession. *See* ORS 151.505(3) (a trial court can impose court-appointed attorney fees only if defendant "is or may be able to pay" the fees); ORS 161.665(4) (same); *Bacote v. Johnson*, 333 Or 28, 34, 35 P3d 1019 (2001) (reversing attorney fees where the record did not establish that the trial court complied with the statutory requirement that it determine defendant's ability to pay the fees). Accordingly, we reverse the portions of the judgments ordering defendant to pay the fees.

Portions of judgments requiring defendant to pay attorney fees reversed; otherwise affirmed.