Submitted November 25, 2015, portion of judgment requiring defendant to pay court-appointed attorney fees reversed, otherwise affirmed February 18, 2016

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

JAMES RICHARD HOUSEGO,
*Defendant-Appellant.*

Coos County Circuit Court
14CR1026; A158030

555 P3d 206

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Laura A. Frikert, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Anna M. Joyce, Solicitor General, and Joanna L. Jenkins, Assistant Attorney General, filed the brief for respondent.

Before Ortega, Presiding Judge, and Lagesen, Judge, and Nakamoto, Judge pro tempore.

PER CURIAM

## PER CURIAM

Defendant was convicted of first-degree forgery, ORS 165.013, for which he received 18 months' probation. His only challenge on appeal is to the trial court's imposition of court-appointed attorney fees in the amount of $360.[1] The asserted error is unpreserved, and defendant urges us to review and correct it as plain error. ORAP 5.45(1). The error was plain, defendant contends, because the record was silent regarding his ability to pay the fees. *See State v. Kanuch*, 231 Or App 20, 24, 217 P3d 1082 (2009) (when the record "says nothing about whether defendant is or may be able to pay the attorney fees that the trial court ordered him to pay[,] *** under ORS 161.665(4), the court was not permitted to order him to pay those fees"). In defendant's view, evidence in the record—at the time of sentencing, he was living in his car, his girlfriend was pregnant, and his prospects for employment were completely unknown given that he had multiple prior convictions for theft and burglary—showed that he was financially unstable, and it would not support a determination that he was able to pay the costs of the court-appointed attorney fees.

We agree with defendant that the record does not show that the state met its burden of demonstrating that he was able to pay the fees and that the trial court's error in imposing the fees was plain. *State v. Coverstone*, 260 Or App 714, 716, 320 P3d 670 (2014) (requirements of plain error are satisfied when the record is silent as to the defendant's ability to pay the attorney fees ordered). However, we must determine whether it is appropriate for us to exercise our discretion to correct the error. *Id.* We consider, among other things, "the gravity of the error; the ends of justice in the particular case; how the error came to the court's attention; and whether the policies behind the general rule requiring preservation of error have been served in the case in another way." *Id.* at 716-17 (citing *Ailes v. Portland Meadows, Inc.*, 312 Or 376, 382, 382 n 6, 823 P2d 956 (1991)).

---

[1] Defendant asserts that the court ordered him to pay attorney fees in the amount of $1,000. That amount, however, was the court's imposition of fines and costs. The attorney fee order was in the amount of $360.

Here, the judgment of conviction ordered defendant to pay a fine and costs in the amount of $1,000 in addition to the erroneously imposed $360 in court-appointed attorney fees. The judgment also provided that the court would automatically impose a payment schedule and a $200 assessment if defendant did not pay both monetary obligations in full within 30 days (the judgment also orders the payment of a 28 percent collection referral fee if the obligation is referred to a collection agency). In light of the additional $1,000 obligation and the potential $200 assessment penalty, the amount of the attorney fees is sufficiently grave to warrant the exercise of our discretion to correct the error. *See State v. Walker*, 274 Or App 501, 360 P3d 754 (2015) (exercising discretion to correct erroneous imposition of $400 in court-appointed attorney fees given defendant's indigency and the record's silence with respect to his financial resources).

Portion of judgment requiring defendant to pay court-appointed attorney fees reversed; otherwise affirmed.