Submitted May 6, portion of judgment requiring defendant to pay attorney fees reversed, otherwise affirmed June 15, 2016

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

KRISTINA LEEANNE McCORMACK,
*Defendant-Appellant.*

Coos County Circuit Court
14CR2112; A159078

379 P3d 840

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Laura E. Coffin, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Karla H. Ferrall, Assistant Attorney General, filed the brief for respondent.

Before Armstrong, Presiding Judge, and Egan, Judge, and Shorr, Judge.

## PER CURIAM

Defendant was convicted of unlawful possession of methamphetamine, ORS 475.894, third-degree theft, ORS 164.043, and sentenced to 8 days in jail and 18 months' probation. Among other terms, she was ordered to pay $280 in attorney fees and $850 in fines. On appeal, she assigns error to the imposition of attorney fees. She acknowledges that she did not preserve the error but asks us to exercise our discretion under ORAP 5.45(1) to correct the error as plain error—as we have done in similar circumstances—because the record contains no evidence to support a finding that she is or may be able to pay the attorney fees. *See* ORS 151.505(3) ("The court may not require a person to pay costs under this section unless the person is or may be able to pay the costs."); ORS 161.665(4) ("The court may not sentence a defendant to pay costs under this section unless the defendant is or may be able to pay them."). In defendant's view, the evidence in the record—that when she committed the crime, she was struggling with drug addiction and was homeless—showed that she was financially insecure, and it would not support a determination that she was able to pay the costs of the court-appointed attorney fees.

The state concedes that the imposition of fees was plainly erroneous under our decision in *State v. Pendergrapht*, 251 Or App 630, 634, 284 P3d 573 (2012) ("A court cannot impose fees based on pure speculation that a defendant has funds to pay the fees or may acquire them in the future."). We agree and accept the state's concession. Furthermore, for the reasons stated in *State v. Housego*, 276 Or App 550, 368 P3d 62 (2016)—*viz.*, the gravity of the error and defendant's financial insecurity—we conclude that it is appropriate for us to exercise our discretion to correct the error in this case.

Portion of judgment requiring defendant to pay attorney fees reversed; otherwise affirmed.