Submitted June 3; portion of judgment requiring defendant to pay attorney fees reversed, otherwise affirmed July 27, 2016

## STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

## JOSHUA LEE SHEPHERD,
*Defendant-Appellant.*

Washington County Circuit Court
C150391CR; A159476

379 P3d 879

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and John Evans, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Dustin Buehler, Assistant Attorney General, filed the brief for respondent.

Before Sercombe, Presiding Judge, and Tookey, Judge, and DeHoog, Judge.

## PER CURIAM

In this criminal case, defendant appeals the trial court's judgment, assigning error to the court's imposition of $624 in court-appointed attorney fees. He asserts that the court erred in imposing attorney fees in the absence of evidence that he is or may be able to pay those fees. *See* ORS 151.505(3) ("The court may not require a person to pay costs under this section unless the person is or may be able to pay the costs."); ORS 161.665(4) ("The court may not sentence a defendant to pay costs under this section unless the defendant is or may be able to pay them."); *State v. Pendergrapht*, 251 Or App 630, 634, 284 P3d 573 (2012) ("[A] court cannot impose attorney fees based on a record that is silent regarding the defendant's ability to pay those fees."). Defendant acknowledges that he did not preserve the error, but asks us to review it as plain error. *See* ORAP 5.45(1) ("No matter claimed as error will be considered on appeal unless the claim of error was preserved in the lower court * * *, provided that the appellate court may consider an error of law apparent on the record.").

The state concedes that, "because the trial court ordered payment of those fees on a record that was silent regarding defendant's ability to pay them, the trial court plainly erred." We agree. *State v. Coverstone*, 260 Or App 714, 716, 320 P3d 670 (2014) (so stating). Furthermore, given defendant's indigence and the fact that, because the record is silent as to defendant's financial resources, the trial court could not have made the necessary finding even had the issue been brought to its attention, we conclude that it is appropriate to exercise our discretion to correct the error. *See State v. Walker*, 274 Or App 501, 502, 360 P3d 754 (2015) (exercising discretion for those reasons).

Portion of judgment requiring defendant to pay attorney fees reversed; otherwise affirmed.