PER CURIAM
*902 Defendant appeals a judgment of conviction for unlawful possession of methamphetamine. She was sentenced to, among other things, 18 months' probation, and the imposition of $ 567 in court-appointed attorney fees. We write to address only defendant's assignment of error to the imposition of court-appointed attorney fees. We reject defendant's remaining assignment of error without written discussion.
As to the attorney fees, defendant argues that the trial court committed plain error when it ordered her to pay those fees because the record contains no evidence of defendant's ability to pay them. See State v. Coverstone , 260 Or. App. 714, 716, 320 P.3d 670 (2014) (holding that the imposition of court-appointed attorney fees is plain error where the record is silent as to defendant's ability to pay the fees ordered). The state concedes that the trial court's imposition of attorney fees constitutes plain error. We agree, accept the state's concession, and further conclude that it is appropriate to exercise our discretion to correct the error in this case because of the gravity of the error given defendant's indigence and the lack of any evidence that defendant has financial resources to pay the fees. See, e.g. , State v. Walker , 274 Or. App. 501, 502, 360 P.3d 754 (2015) (setting out similar reasons to support exercise of our discretion).
Portion of judgment requiring defendant to pay court-appointed attorney fees reversed; otherwise affirmed.