*This is a nonprecedential memorandum opinion pursuant to ORAP 10.30 and may not be cited except as provided in ORAP 10.30(1).*

Submitted January 24; portion of judgment imposing court-appointed attorney fees reversed; otherwise affirmed February 23, 2023

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

NICHOLAS G. D. CUNNINGHAM,
*Defendant-Appellant.*

Clackamas County Circuit Court
20CR08869; A175918

Thomas J. Rastetter, Judge.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Francis C. Gieringer, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Erica L. Herb, Assistant Attorney General, filed the brief for respondent.

Before Aoyagi, Presiding Judge, and Joyce, Judge, and Hellman, Judge.

AOYAGI, P. J.

Portion of judgment imposing court-appointed attorney fees reversed; otherwise affirmed.

**AOYAGI, P. J.**

Defendant was convicted of unlawful possession of a firearm, ORS 166.250, after a handgun was found in his vehicle. On appeal, he argues that the trial court erred when it (1) denied his motion for judgment of acquittal, and (2) ordered him to pay $429 in attorney fees. We conclude that the court properly denied the motion for judgment of acquittal, but that it erred in ordering defendant to pay attorney fees. Accordingly, we reverse the judgment as to attorney fees, and otherwise affirm.

*Motion for judgment of acquittal.* Under ORS 166.250(1)(b), a person commits the crime of unlawful possession of a firearm if a person "knowingly *** [p]ossesses a handgun that is concealed and readily accessible to the person within any vehicle[.]" Here, defendant was arrested during a traffic stop and, when the police inventoried his vehicle, they found a handgun. Before the police found the gun, both of defendant's passengers left the scene, defendant stated that everything in the vehicle was his, and defendant initially denied that there were any weapons in the vehicle but then told an officer that there was a gun in a holster on the right near the center console. An officer then opened the back right passenger door, leaned into the car, and found a holstered gun "underneath the front passenger seat." It had a loaded magazine and was within reach of the driver's seat. The exact location and appearance of the gun when the police found it is shown in photographs in the record.

After the close of the state's case, defendant moved for a judgment of acquittal, arguing that the evidence was legally insufficient to establish that the gun was concealed or, alternatively, that defendant knew that it was concealed. *See State v. Harrison*, 365 Or 584, 589, 450 P3d 499 (2019) (regarding when a gun is "concealed"). The trial court denied the motion. Having reviewed the record, we conclude that the court did not err in doing so. *See State v. Cervantes*, 319 Or 121, 125, 873 P2d 316 (1994) (standard of review for a motion for judgment of acquittal). Viewed in the light most favorable to the state, and allowing for reasonable inferences, the evidence was sufficient to create a triable issue; that is, a rational factfinder could find on this record that

the gun was concealed and that defendant knew that it was concealed. We therefore reject the first assignment of error.

*Attorney fees.* In the judgment, the trial court ordered defendant to pay $429 in attorney fees for his court-appointed attorney, under authority of ORS 151.505. Defendant contends that it was plain error for the court to do so, because the court did not consider his ability to pay and there is no evidence of ability to pay.[1] *See* ORS 151.505(3) (allowing provision only if "the person is or may be able to pay"). The state concedes the error. We accept the concession and exercise our discretion to correct the plain error. *See State v. Walker*, 274 Or App 501, 502, 360 P3d 754 (2015) (the erroneous imposition of $400 for court-appointed attorney fees was a substantial amount justifying the exercise of discretion to correct as plain error). We therefore reverse that portion of the judgment.

Portion of judgment imposing court-appointed attorney fees reversed; otherwise affirmed.

---

[1] The claim of error is unpreserved. "Generally, an issue not preserved in the trial court will not be considered on appeal." *State v. Wyatt*, 331 Or 335, 341, 15 P3d 22 (2000). However, we have discretion to correct a "plain" error. ORAP 5.45(1); *State v. Vanornum*, 354 Or 614, 629, 317 P3d 889 (2013) (stating requirements for "plain" error).