***This is a nonprecedential memorandum opinion pursuant to ORAP 10.30 and may not be cited except as provided in ORAP 10.30(1).***

Submitted August 30, portion of judgment requiring defendant to pay attorney fees reversed; otherwise affirmed October 4, 2023

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

RYAN ALLEN LINDQUIST,
*Defendant-Appellant.*

Washington County Circuit Court
21CN01433, 21CN02294;
A177160 (Control), A177161

Kelly D. Lemarr, Judge.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Mark Kimbrell, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Alex Jones, Assistant Attorney General, filed the brief for respondent.

Before Tookey, Presiding Judge, and Egan, Judge, and Kamins, Judge.

KAMINS, J.

Portion of judgment requiring defendant to pay attorney fees reversed; otherwise affirmed.

**KAMINS, J.**

In these consolidated cases, defendant appeals from judgments imposing punitive sanctions for three counts of contempt of court, ORS 33.015, for violating a restraining order. In six assignments of error, defendant challenges two of the findings of contempt, the imposition of attorney fees, and three of the conditions of probation. We reverse as to the imposition of attorney fees and otherwise affirm.

In defendant's first assignment of error, he argues that the trial court erred in finding that he acted "willfully" with respect to two of the three contempt charges. ORS 33.015(2)(b) ("'Contempt of court' means the following acts, done willfully: *** Disobedience of *** the court's authority, process, orders or judgments."). For the purposes of ORS 33.015(2), an individual acts "willfully" if they act "intentionally and with knowledge that [the act or omission] was forbidden conduct." *State v. Nicholson,* 282 Or App 51, 62, 383 P3d 977 (2016) (internal quotation marks omitted). The state's evidence at trial consisted of testimony from defendant's wife and a screenshot from her phone showing two missed calls and one video message from defendant while he was subject to a restraining order that prohibited him from contacting or attempting to contact her in any way. There was also evidence of several calls made before the restraining order was issued. In defendant's view, the evidence was insufficient to prove that he acted willfully with respect to the missed calls, particularly because his wife also testified that she accidentally initiated a call to him while trying to take the screenshot. Applying our standard of review, which requires that we view the evidence "in the light most favorable to the state," we disagree. *State v. Welch*, 295 Or App 410, 415, 434 P3d 488 (2018). A factfinder could reasonably infer that defendant called his wife on purpose based on the number of calls both before and after the restraining order was issued, and the fact that the victim called defendant accidentally does not necessarily mean that defendant called and left a video message for her by accident as well. *See State v. Miller*, 196 Or App 354, 103 P3d 112 (2004), *rev den*, 338 Or 488 (2005) ("[I]f the established facts support multiple reasonable inferences, the [factfinder] may decide which inference to draw.").

In his third assignment of error, defendant argues, and the state concedes, that the trial court plainly erred in imposing attorney fees because there was insufficient evidence that defendant had the ability to pay them. *See* ORS 161.665(4). We agree, and we exercise our discretion to correct the error. *See State v. Walker*, 274 Or App 501, 502, 360 P3d 754 (2015) (doing the same under similar circumstances).

Defendant's remaining assignments of error challenge three conditions of his probation. The state responds that those assignments are moot, because defendant's probation was later revoked for violations of conditions other than the ones he challenges. We agree with the state and therefore do not address defendant's arguments. *See State v. Bateman*, 94 Or App 449, 765 P2d 249 (1988) (dismissing appeal challenging condition of probation as moot where probation was revoked).

Portion of judgments requiring defendant to pay attorney fees reversed; otherwise affirmed.