Submitted January 2, portion of judgment requiring defendant to pay attorney fees reversed; otherwise affirmed February 26, 2015

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

SUSAN DEE ROSS,
*Defendant-Appellant.*

Washington County Circuit Court
D105490T; A154898

344 P3d 566

Peter Gartlan, Chief Defender, and Erik Blumenthal, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Anna M. Joyce, Solicitor General, and Jamie K. Contreras, Assistant Attorney-in-Charge, filed the brief for respondent.

Before Duncan, Presiding Judge, and Lagesen, Judge, and Flynn, Judge.

PER CURIAM

**PER CURIAM**

Defendant appeals a judgment that revoked her probation, imposed six months' jail time, and ordered her to pay $230 in court-appointed attorney fees. On appeal, defendant contends that the trial court erred in ordering her to pay the attorney fees when the record is silent as to whether she "is or may be able" to pay those costs. *See* ORS 151.505(3) ("The court may not require a person to pay costs under this section unless the person is or may be able to pay the costs."); ORS 161.665(4) ("The court may not sentence a defendant to pay costs under this section unless the defendant is or may be able to pay them."). She acknowledges that she did not preserve her claim of error but urges us to review and correct the error as an "error of law apparent on the record." ORAP 5.45(1).

The state concedes that the trial court plainly erred in imposing the attorney fees and, further, that "[t]his case is indistinguishable from cases in which this court has exercised its discretion to engage in plain-error review." We agree. The record contains no evidence of defendant's financial resources, and the evidence of her circumstances—that she suffers from severe chronic alcoholism, has serious health issues related to numerous vital organ systems, and has no means of transportation—make it entirely speculative that defendant would have the funds to pay the fees or acquire them in the future. Accordingly, we exercise our discretion to correct the error for reasons similar to those expressed in *State v. Ramirez-Hernandez*, 264 Or App 346, 349, 332 P3d 338 (2014) (explaining that, "although $400 may not be a substantial amount to pay for some defendants, it is for this defendant"; "while there is some speculative evidence that defendant might find work in the future, the actual evidence is to the contrary").

Portion of judgment requiring defendant to pay attorney fees reversed; otherwise affirmed.