Submitted April 28, portion of judgment requiring defendant to pay attorney fees reversed; otherwise affirmed June 3, 2015

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

ADRIANA C. VELAZQUEZ-VALLEJO,
*Defendant-Appellant.*

Washington County Circuit Court
C131013CR; A154859

350 P3d 611

Peter Gartlan, Chief Defender, and Laura E. Coffin, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Anna M. Joyce, Solicitor General, and Greg Rios, Assistant Attorney General, filed the brief for respondent.

Before Duncan, Presiding Judge, and Lagesen, Judge, and Flynn, Judge.

PER CURIAM

## PER CURIAM

Defendant appeals a judgment of conviction for one count of burglary in the second degree, one count of criminal mischief in the second degree, and one count of criminal mischief in the third degree, that imposed a sentence of eighteen months' probation and a $400 fine, and ordered her to pay $600 in court-appointed attorney fees. She raises two assignments of error, the first of which we reject without discussion. In her second assignment of error, which is not preserved, defendant contends that the trial court plainly erred in ordering her to pay the attorney fees because the record does not establish that she "is or may be able" to pay those costs. *See* ORS 151.505(3) ("The court may not require a person to pay costs under this section unless the person is or may be able to pay the costs."); ORS 161.665(4) ("The court may not sentence a defendant to pay costs under this section unless the defendant is or may be able to pay them."). She acknowledges that she did not preserve that claim of error but urges us to review and correct the error as an "error of law apparent on the record." ORAP 5.45(1).

The state does not respond to defendant's argument that the trial court plainly erred in imposing the attorney fees but, instead, only argues that "this court should not exercise its discretion to review that error." We disagree. The record reflects that defendant has substance abuse issues, suffers from mental illness, and is subject to an immigration hold that could result in deportation. In the light of those circumstances, we exercise our discretion to correct the error for reasons similar to those expressed in *State v. Ross*, 269 Or App 412, 413, 344 P3d 566 (2015) ($230 amount substantial where defendant "suffers from severe chronic alcoholism, has serious health issues related to numerous vital organ systems, and has no means of transportation"), and *State v. Ramirez-Hernandez*, 264 Or App 346, 349, 332 P3d 338 (2014) ($400 amount substantial where defendant "is homeless, mentally ill, and on an indefinite immigration hold that likely will result in deportation").

Portion of judgment requiring defendant to pay attorney fees reversed; otherwise affirmed.