STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

RICHARD JAY RINEHART,
*Defendant-Appellant.*

Washington County Circuit Court
D133037M; A156717

380 P3d 325

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and John Evans, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Paul L. Smith, Deputy Solicitor General, and Michael S. Shin, Assistant Attorney General, filed the brief for respondent.

Before Ortega, Presiding Judge, and Lagesen, Judge, and Garrett, Judge.

**PER CURIAM**

Defendant appeals a judgment of conviction entered after a jury found him guilty of driving under the influence of intoxicants and second-degree theft. In his first assignment of error, he contends that the trial court erroneously admitted an unredacted copy of a breath test report. We reject that assignment without written discussion. We write only to address defendant's second assignment of error, which concerns the imposition of attorney fees.

In that assignment of error, defendant contends that the trial court committed plain error when it ordered him to pay $416 in attorney fees when the record was silent as to whether he "is or may be able to pay" the costs of his defense and the only evidence regarding defendant's financial situation was that he was homeless. *See* ORS 151.505(3) ("The court may not require a person to pay costs under this section unless the person is or may be able to pay the costs."); ORS 161.665(4) ("The court may not sentence a defendant to pay costs under this section unless the defendant is or may be able to pay them."). Defendant urges us to review and correct the error as "an error of law apparent on the record." ORAP 5.45(1); *Ailes v. Portland Meadows, Inc.*, 312 Or 376, 381-82, 823 P2d 956 (1991). The state concedes that the trial court committed plain error when it imposed court-appointed attorney fees.

We accept the state's concession that the trial court plainly erred in imposing attorney fees of $416 on this record. *See State v. Coverstone*, 260 Or App 714, 716, 320 P3d 670 (2014) (holding that a trial court commits plain error by imposing court-appointed attorney fees where the record is silent as to the defendant's ability to pay the fees ordered). Further, we conclude that, for reasons similar to those expressed in *State v. Ramirez-Hernandez*, 264 Or App 346, 349, 332 P3d 338 (2014) (exercising discretion to correct erroneous imposition of $400 in court-appointed attorney fees because the amount was "substantial" in light of defendant's circumstances), it is appropriate to exercise our discretion to correct the error

Portion of judgment requiring defendant to pay attorney fees reversed; otherwise affirmed.