Submitted April 28; in Case No. C140313CR, portion of judgment requiring
defendant to pay attorney fees reversed, otherwise affirmed; in Case No.
D131322M, affirmed June 2, 2016

## STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

## LANCE RARDIN ANTHONY,
*Defendant-Appellant.*

Washington County Circuit Court
C140313CR, D131322M;
A157628 (Control), A157629

379 P3d 815

Peter Gartlan, Chief Defender, and Stephanie J. Hortsch,
Deputy Public Defender, Office of Public Defense Services,
filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Paul L. Smith,
Deputy Solicitor General, and Cecil A. Reniche-Smith,
Assistant Attorney General, filed the brief for respondent.

Before Ortega, Presiding Judge, and Lagesen, Judge,
and Garrett, Judge.

## PER CURIAM

In Case No. C140313CR, defendant appeals a judgment of conviction entered after a bench trial in which the court found him guilty of first-degree theft. We reject without discussion his first two assignments of error that the trial court erred in denying his motion for a judgment of acquittal.[1] We write only to address defendant's third assignment of error, which concerns the imposition of court-appointed attorney fees.

In that assignment of error, defendant contends that the trial court committed plain error when it ordered him to pay $629 in attorney fees when the record was silent as to whether he "is or may be able to pay" the costs of his defense and the only evidence regarding defendant's financial situation indicated that he was overburdened by other financial obligations. *See* ORS 151.505(3) ("The court may not require a person to pay costs under this section unless the person is or may be able to pay the costs."); ORS 161.665(4) ("The court may not sentence a defendant to pay costs under this section unless the defendant is or may be able to pay them."). Defendant failed to preserve that claim of error but urges us to review and correct the error as "an error of law apparent on the record." ORAP 5.45(1); *Ailes v. Portland Meadows, Inc.*, 312 Or 376, 381-82, 823 P2d 956 (1991). The state concedes that the trial court committed plain error when it incorrectly imposed attorney fees in the absence of evidence in the record indicating defendant's ability to pay.

We accept the state's concession that the trial court plainly erred in imposing attorney fees of $629 on this record. *See State v. Coverstone*, 260 Or App 714, 716, 320 P3d 670 (2014) (holding that a trial court commits plain error by imposing court-appointed attorney fees where the record is silent as to the defendant's ability to pay the fees ordered). Further, we conclude that, for reasons similar to those expressed in *Coverstone*, it is appropriate to exercise our discretion to correct the error. *State v. Ramirez-Hernandez*,

---

[1] In Case No. D131322M, the trial court found defendant in violation of his probation based on his convictions in Case No. C140313CR. Defendant also appeals from the probation violation judgment but does not assert any error. Accordingly, we affirm the judgment in Case No. D131322M.

264 Or App 346, 332 P3d 338 (2014) (exercising discretion to correct erroneous imposition of $400 in court-appointed attorney fees because the amount was "substantial" in light of the defendant's circumstances).

In Case No. C140313CR, portion of judgment requiring defendant to pay attorney fees reversed; otherwise affirmed. In Case No. D131322M, affirmed.