Submitted May 24, portion of judgment requiring defendant to pay attorney fees reversed, otherwise affirmed June 29, 2016

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

MYLES RUSSEL PETERSON,
*Defendant-Appellant.*

Marion County Circuit Court
13C41407; A158444

377 P3d 694

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Emily P. Seltzer, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Paul L. Smith, Deputy Solicitor General, and Timothy A. Sylwester, Assistant Attorney General, filed the brief for respondent.

Before Duncan, Presiding Judge, and DeVore, Judge, and Flynn, Judge.

**PER CURIAM**

Defendant appeals from a judgment extending probation and requiring him to pay $230 in court-appointed attorney fees. On appeal, he makes two assignments of error. In his first, he contends that the trial court erred by finding that he had violated a condition of his probation; we reject that contention without published discussion. In his second, he contends that the trial court erred by imposing attorney fees in the absence of evidence that he "is or may be able to pay" the fees. ORS 151.505(3) ("The court may not require a person to pay costs under this section unless the person is or may be able to pay the costs."); ORS 161.665(4) (same); *see also State v. Pendergrapht*, 251 Or App 630, 634, 284 P3d 573 (2012) ("[A] court cannot impose attorney fees based on a record that is silent regarding the defendant's ability to pay those fees."). Defendant acknowledges that he did not preserve the error but asks us to review the error as plain error. *See* ORAP 5.45(1) (authorizing appellate review of errors apparent on the record); *State v. Coverstone*, 260 Or App 714, 716, 320 P3d 670 (2014) (holding that a trial court commits plain error when it "fail[s] to comply with the statutory requirement that, before imposing attorney fees, it find that defendant 'is or may be able to' pay the fees").

The state concedes that, although $230 is "relatively *de minimis*," the trial court plainly erred by imposing the attorney fees. We agree. The record contains no indication that defendant "is or may be able to pay" the court-imposed fees. ORS 151.505(3). To the contrary, the record shows that defendant had been in a serious car accident, which caused him to suffer physical and mental health problems, and that he had not worked in the nine years preceding the probation violation hearing. *See State v. Ross*, 269 Or App 412, 413, 344 P3d 566 (2015) (trial court's imposition of $230 in attorney fees constituted plain error where the record contained no evidence of defendant's financial resources and the evidence of her circumstances made it speculative that defendant would have the funds to pay the fees in the future).

Although the amount at issue in this case "may not be a substantial amount to pay for some defendants, it is for this defendant." *State v. Ramirez-Hernandez*, 264 Or App

346, 349, 332 P3d 338 (2014). Because of the gravity of the error and the ends of justice in this particular case, we exercise our discretion to correct the imposition of attorney fees, as we have in similar cases. *Id.* at 348-49.

Portion of judgment requiring defendant to pay attorney fees reversed; otherwise affirmed.