Submitted June 3, portion of judgment requiring defendant to pay attorney fees reversed, otherwise affirmed July 20, 2016

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

JACKIE THOMPSON JOHNSON,
*Defendant-Appellant.*

Washington County Circuit Court
C142382CR; A158851

379 P3d 878

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Kyle Krohn, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Rebecca M. Auten, Assistant Attorney General, filed the brief for respondent.

Before Ortega, Presiding Judge, and Lagesen, Judge, and Garrett, Judge.

## PER CURIAM

Defendant appeals a judgment of conviction entered after a bench trial in which the court found him guilty of unlawful possession of methamphetamine. In his only assignment of error, he contends that the trial court committed plain error when it ordered him to pay $634 in attorney fees when the record was silent as to whether he "is or may be able to pay" the costs of his defense. *See* ORS 151.505(3) ("The court may not require a person to pay costs under this section unless the person is or may be able to pay the costs."); ORS 161.665(4) ("The court may not sentence a defendant to pay costs under this section unless the defendant is or may be able to pay them."). Defendant failed to preserve that claim of error but urges us to review and correct the error as "an error of law apparent on the record." ORAP 5.45(1); *Ailes v. Portland Meadows, Inc.*, 312 Or 376, 382, 823 P2d 956 (1991). The state concedes that the trial court committed plain error when it incorrectly imposed attorney fees when the record was silent as to defendant's ability to pay.

We accept the state's concession that the trial court plainly erred in imposing attorney fees of $634 on this record. *See State v. Coverstone*, 260 Or App 714, 716, 320 P3d 670 (2014) (holding that a trial court commits plain error by imposing court-appointed attorney fees where the record is silent as to the defendant's ability to pay the fees ordered). Further, we conclude that, for reasons similar to those expressed in *State v. Ramirez-Hernandez*, 264 Or App 346, 349, 332 P3d 338 (2014) (exercising discretion to correct erroneous imposition of $400 in court-appointed attorney fees because the amount was "substantial" in light of defendant's circumstances), it is appropriate to exercise our discretion to correct the error.

Portion of judgment requiring defendant to pay attorney fees reversed; otherwise affirmed.