Submitted September 2; portion of judgments requiring defendant to pay attorney fees reversed, otherwise affirmed November 9, 2016

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

JASON PERRY HAGSTROM,
*Defendant-Appellant.*

Washington County Circuit Court
C140273CR, D141775M;
A159555 (Control), A159556

383 P3d 986

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Erin J. Snyder Severe, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Susan G. Howe, Assistant Attorney General, filed the brief for respondent.

Before Ortega, Presiding Judge, and Egan, Judge, and Lagesen, Judge.

## PER CURIAM

In this consolidated criminal appeal, defendant challenges the trial court's imposition of $629 in court-appointed attorney fees in case number C140273CR and $416 in court-appointed attorney fees in case number D141775M. He asserts that the court committed plain error because the record was silent as to whether he "is or may be able to pay" the costs of his defense. *See* ORS 151.505(3) ("The court may not require a person to pay costs under this section unless the person is or may be able to pay the costs."); ORS 161.665(4) ("The court may not sentence a defendant to pay costs under this section unless the defendant is or may be able to pay them."); *see also* ORAP 5.45(1) (authorizing review of "an error of law apparent on the record"). The state concedes that the trial court committed plain error by imposing attorney fees when the record was silent as to defendant's ability to pay them.

We accept the state's concession that the trial court plainly erred in imposing attorney fees of $629 and $416 on this record. *See State v. Coverstone*, 260 Or App 714, 716, 320 P3d 670 (2014) (holding that a trial court commits plain error by imposing court-appointed attorney fees where the record is silent as to the defendant's ability to pay the fees ordered). Further, we conclude that, for reasons similar to those expressed in *State v. Ramirez-Hernandez*, 264 Or App 346, 349, 332 P3d 338 (2014) (exercising discretion to correct erroneous imposition of $400 in court-appointed attorney fees because the amount was "substantial" in light of defendant's circumstances), it is appropriate to exercise our discretion to correct the error.

Portion of judgments requiring defendant to pay attorney fees reversed; otherwise affirmed.