Submitted March 29; portion of judgment requiring defendant to pay attorney fees reversed, otherwise affirmed May 3, 2017

## STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

## MICHAEL BERNARD LYTSELL,
*Defendant-Appellant.*

Columbia County Circuit Court
121098; A157532

393 P3d 746

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Stephanie J. Hortsch, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Susan G. Howe, Assistant Attorney General, filed the brief for respondent.

Before Ortega, Presiding Judge, and Egan, Judge, and Lagesen, Judge.

## PER CURIAM

In this criminal appeal, defendant's first assignment of error challenges the trial court's imposition of a firearm-minimum sentence on Count 3. We reject that assignment of error without written discussion. In a second assignment of error, defendant challenges the court's imposition of $16,640 in court-appointed attorney fees. He asserts that the court committed plain error because the record was silent as to whether he "is or may be able to pay" the costs of his defense. *See* ORS 151.505(3) ("The court may not require a person to pay costs under this section unless the person is or may be able to pay the costs."); ORS 161.665(4) ("The court may not sentence a defendant to pay costs under this section unless the defendant is or may be able to pay them."); *see also* ORAP 5.45(1) (authorizing appellate court to "consider a plain error"). The state concedes that the trial court committed plain error by imposing attorney fees when the record was silent as to defendant's ability to pay them.

We accept the state's concession that the trial court plainly erred in imposing attorney fees of $16,640. *See State v. Coverstone*, 260 Or App 714, 716, 320 P3d 670 (2014) (holding that a trial court commits plain error by imposing court-appointed attorney fees where the record is silent as to the defendant's ability to pay the fees ordered). Further, we conclude that, for reasons similar to those expressed in *State v. Ramirez-Hernandez*, 264 Or App 346, 349, 332 P3d 338 (2014) (exercising discretion to correct erroneous imposition of $400 in court-appointed attorney fees because the amount was "substantial" in light of the defendant's circumstances), it is appropriate to exercise our discretion to correct the error.

Portion of judgment requiring defendant to pay attorney fees reversed; otherwise affirmed.