Submitted May 11; portion of judgment requiring defendant to pay attorney fees reversed, otherwise affirmed June 14, 2017

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

DENNIS EUGENE JOHNSON,
*Defendant-Appellant.*

Marion County Circuit Court
15CR08715; A160910

395 P3d 985

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and John Evans, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Carson L. Whitehead, Assistant Attorney General, filed the brief for respondent.

Before Duncan, Presiding Judge, and DeVore, Judge, and Haselton, Senior Judge.

## PER CURIAM

Defendant was convicted of one count of driving under the influence of intoxicants, ORS 813.010, and was sentenced to 24 months' bench probation. The court also imposed a fine of $1,755, a bench probation fee of $100, and court-appointed attorney fees in the amount of $322. On appeal, defendant argues that the prosecutor improperly vouched for a state's witness during closing argument, and that the trial court erred in failing to *sua sponte* grant a mistrial or give a curative instruction in response to the vouching. He also argues that the trial court plainly erred in imposing court-appointed attorney fees, because the record is silent regarding his ability to pay them.

We reject without discussion defendant's vouching arguments. With regard to court-appointed attorney fees, we accept the state's concession that the trial court plainly erred in imposing attorney fees of $322 on this record. *See State v. Coverstone*, 260 Or App 714, 716, 320 P3d 670 (2014) (holding that a trial court commits plain error by imposing court-appointed attorney fees where the record is silent as to the defendant's ability to pay those fees). Further, we conclude that it is appropriate to exercise our discretion to correct the error, for reasons similar to those expressed in *State v. Ramirez-Hernandez*, 264 Or App 346, 349, 332 P3d 338 (2014) (exercising discretion to correct erroneous imposition of $400 in court-appointed attorney fees because the amount was substantial in light of the defendant's circumstances).

Portion of judgment requiring defendant to pay attorney fees reversed; otherwise affirmed.