PER CURIAM
*571 In this consolidated criminal appeal, defendant seeks reversal of the trial court's imposition of $440 in court-appointed attorney fees in Case No. 15CR34316 and $440 in court-appointed attorney fees in Case No. 15CR59908 because the record was silent as to whether he "is or may be able to pay" the costs of his defense. See ORS 151.505(3) ("The court may not require a person to pay costs under this section unless the person is or may be able to pay the costs."); ORS 161.665(4) (containing a similar provision); see also ORAP 5.45(1) (authorizing review of "plain error"); State v. Coverstone , 260 Or. App. 714, 716, 320 P.3d 670 (2014) (holding that a trial court commits plain error by imposing court-appointed attorney fees where the record is silent as to the defendant's ability to pay the fees ordered). For an error to be plain error, it must be an error of law, obvious and not reasonably in dispute, and apparent on the record without requiring the court to choose among competing inferences. State v. Brown , 310 Or. 347, 355, 800 P.2d 259 (1990).
The state concedes that the court plainly erred by imposing attorney fees when the record was silent as to defendant's ability to pay. We agree and accept the state's concession. Further, we conclude that it is appropriate to exercise our discretion to correct that error given the gravity of the error-particularly when considered in light of defendant's prison sentence of 375 months and substantial additional financial obligations imposed on defendant as a result of his convictions. See State v. Ramirez-Hernandez , 264 Or. App. 346, 349, 332 P.3d 338 (2014) (exercising discretion to correct erroneous imposition of $400 in court-appointed attorney fees because the amount was substantial in light of the defendant's circumstances).
*280 Portion of judgments requiring defendant to pay attorney fees reversed; otherwise affirmed.