364 October 2, 2024 No. 706

***This is a nonprecedential memorandum opinion pursuant to ORAP 10.30 and may not be cited except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

KYLE CHRISTOPHER WILLIAMS,
*Defendant-Appellant.*

Washington County Circuit Court
21CR48431; A180317

Brandon M. Thompson, Judge.

Submitted June 12, 2024.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Bruce A. Myers, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Kyleigh Gray, Assistant Attorney General, filed the brief for respondent.

Before Ortega, Presiding Judge, Powers, Judge, and Hellman, Judge.

HELLMAN, J.

Portion of judgment imposing attorney fees reversed; otherwise affirmed.

**HELLMAN, J.**

Defendant appeals a judgment of conviction for driving under the influence of intoxicants (DUII), ORS 813.010(4). The judgment also imposed $400 in attorney fees. On appeal, defendant raises two assignments of error. He first assigns error to the denial of his motion to suppress evidence, arguing that the law enforcement officer who stopped him did not have reasonable suspicion that defendant was driving under the influence of intoxicants, and that, therefore, the stop was unlawful. Based on the evidence in the suppression hearing record, the sergeant observed specific and articulable facts sufficient to give rise to reasonable suspicion. We affirm on that assignment of error. In addition, defendant assigns error to the imposition in the judgment of $400 in attorney fees. He argues that the trial court plainly erred by imposing those fees without determining his ability to pay. The state concedes the error. We accept the state's concession, exercise our discretion to correct the error, and reverse the portion of the judgment imposing $400 in attorney fees.

*Motion to suppress.* Defendant argues that the trial court erred in denying his motion to suppress because there had to be evidence of specific articulable facts that he was impaired to a "perceptible degree," and that such evidence could not be based merely on the sergeant's training and experience. That is, defendant contends that the sergeant had to make some observation of impaired physical or mental faculties, or other then-existing manifestation of defendant being "under the influence," before the sergeant could lawfully stop him. We disagree with defendant's argument.

We review the denial of a motion to suppress for errors of law, and we are bound by the trial court's findings of historical fact "if there is constitutionally sufficient evidence in the record to support those findings." *State v. Ehly,* 317 Or 66, 74-75, 854 P2d 421 (1993). As we previously held:

"An officer does not need certainty or even probable cause, but only a reasonable suspicion, to support an investigation. The possibility that there may be a non-criminal explanation for the facts observed or that the officer's suspicion will

turn out to be wrong does not defeat the reasonableness of the suspicion."

*State v. Acuna*, 264 Or App 158, 169 n 4, 331 P3d 1040, *rev den*, 356 Or 400 (2014) (brackets and internal quotation marks omitted).

Here, the sergeant saw defendant, in the lane directly adjacent to his patrol vehicle, use a glass pipe and a "butane torch" in a way that the sergeant's training indicated that defendant was smoking methamphetamine. The sergeant further testified that, in his training and experience, smoking methamphetamine would have an instantaneous effect" on defendant. The sergeant did not need further evidence to establish a reasonable suspicion that defendant committed or was about to commit a crime. He had both objective and subjective reasonable suspicion that defendant was committing or was about to commit DUII such that the sergeant could stop defendant to investigate further.[1] Thus, the trial court did not err when it denied defendant's motion to suppress the evidence gathered after defendant was stopped. We therefore affirm on defendant's first assignment of error.

*Attorney fee award.* In defendant's second assignment of error, he argues that the trial court plainly erred when it imposed $400 in attorney fees without first determining his ability to pay. There is no evidence in the record that defendant is able or may be able to pay the fees in the future. *See* ORS 151.505(3) ("The court may not require a person to pay costs under this section unless the person is or may be able to pay the costs"); ORS 161.665(4) ("The court may not sentence a defendant to pay costs under this section unless the defendant is or may be able to pay them."). "[B]ecause a court 'cannot impose fees based on pure speculation that

---

[1] We note that we have determined on multiple occasions that an officer had reasonable suspicion in the converse circumstances—when an officer observes driving that gives rise to an inference that the driver is impaired. *See, e.g.*, *State v. Shupe*, 276 Or App 496, 501, 368 P3d 41 (2016), *overruled in part on other grounds by State v. Serbin*, 324 Or App 792, 527 P3d 794 (2023) ("We previously have concluded—on several occasions—that a police officer's observation of a vehicle weaving in its own lane provides a sufficient basis to reasonably believe that the driver of the vehicle is operating the vehicle under the influence and to stop the vehicle for further investigation."). The officer need not have observed the driver drinking alcohol or using drugs.

a defendant has funds to pay the fees or may acquire them in the future,' *** the trial court plainly erred in imposing attorney fees." *State v. Ramirez-Hernandez*, 264 Or App 346, 348, 332 P3d 338 (2014) (quoting *State v. Pendergrapht*, 251 Or App 630, 634, 284 P3d 573 (2012)). The state concedes that the error is plain and acknowledges that we typically exercise our discretion to correct that type of error. We agree with and accept the state's concession, and we exercise our discretion to correct the error because the fees are a substantial amount and because there is no evidence concerning defendant's ability to pay any amount.

Portion of judgment imposing attorney fees reversed; otherwise affirmed.