758 May 20, 2026 No. 441

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

JARED ALLEN GUNDERMAN,
*Defendant-Appellant.*

Clackamas County Circuit Court
23CR27783; A185290

Todd L. Van Rysselberghe, Judge.

Submitted April 23, 2026.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Kyle Krohn, Deputy Public Defender, Oregon Public Defense Commission, filed the brief for appellant.

Dan Rayfield, Attorney General, Benjamin Gutman, Deputy Attorney General, and Kirsten M. Naito, Assistant Attorney General, filed the brief for respondent.

Before Tookey, Presiding Judge, Kamins, Judge, and Jacquot, Judge.

TOOKEY, P. J.

Remanded for resentencing; otherwise affirmed.

**TOOKEY, P. J.**

Defendant appeals a judgment of conviction for first-degree burglary, tampering with a witness, interference with making a report, fourth-degree assault constituting domestic violence, and harassment. On appeal, defendant does not challenge his convictions. Instead, he raises five assignments of error that all concern terms that were included in the judgment. For the following reasons, we remand for resentencing and otherwise affirm.

*Per Diem Fees.* In his first assignment of error, defendant argues that the trial court erred when it included in the judgment that defendant "shall pay any required per diem fees" under Count 7. That term appeared for the first time in the judgment, and it was not announced at the sentencing hearing.

"A criminal defendant has the right to have their sentence announced in open court." *State v. Priester*, 325 Or App 574, 581, 530 P3d 118, *rev den*, 371 Or 332 (2023). It was therefore error to include the per-diem-fees term in the judgment without announcing it at sentencing, as the state correctly concedes. *See, e.g.*, *State v. Hostman*, 343 Or App 506, 513, 579 P3d 253 (2025) (holding that it was error to include previously unannounced per-diem-fees provision in judgment); *State v. Barr*, 331 Or App 242, 244, 545 P3d 772, *rev den*, 372 Or 720 (2024) ("The trial court erred by including a previously unannounced term in the sentencing judgment.")

As for the disposition, the remedy for unannounced terms is "usually a resentencing." *Id.*; *see also Priester*, 325 Or App at 581 (same). When the court indicates that fines and fees were waived, then we can remand for entry of an amended judgment instead of remanding for resentencing. *State v. Debruyne*, 347 Or App 421, 423-24, ___ P3d ___ (2026); *State v. Avendano*, 346 Or App 16, 20, 583 P3d 1080 (2025). Here, there is no indication the court indicated at the sentencing hearing that fines and fees were waived, so we remand for resentencing.

*Special Probation Condition, Other Assessments, and Stipulation.* In his second, third, and fourth assignments of

error, defendant argues that the trial court erred when it included terms in the judgment relating to a special probation condition, other assessments, and a stipulation, because those terms were not explicitly discussed or announced at sentencing. However, because we remand for resentencing under the first assignment of error, we decline to address the second, third, and fourth assignments; the parties can address the arguments made in those assignments on remand at the new sentencing hearing. *See State v. Reed-Hack*, 313 Or App 728, 729-30, 495 P3d 196, *rev den*, 369 Or 69 (2021) (declining to reach the defendant's argument regarding a condition of probation because "it may be raised on remand for the trial court to consider in the first instance"); *see also State v. Parham*, 302 Or App 179, 180, 456 P3d 690 (2020) (explaining that remand for resentencing "obviates the need to address [the] defendant's remaining claims of sentencing errors because the issues they concern may not arise on remand").[1]

*Attorney Fees.* In his fifth assignment of error, defendant seeks plain-error review of the trial court's imposition of $869 in attorney fees. Although we are remanding for resentencing, we nevertheless address defendant's argument regarding attorney fees because an erroneous attorney-fee award generally requires reversal of the portion of the judgment requiring payment of attorney fees. *See, e.g., State v. Hunt*, 271 Or App 347, 353, 350 P3d 521 (2015) (reversing attorney fee award); *State v. Coverstone*, 260 Or App 714, 717, 320 P3d 670 (2014) (same). As we explain below, we discern no plain error in the award of attorney fees.

At the sentencing hearing, the court indicated that it intended to impose "attorney fees of [$]1739." However, in the judgment, the court imposed attorney fees of $869, and the judgment stated the fees were "reduced by ACP contribution previously imposed."

Defendant acknowledges that he did not object to the imposition of attorney fees, and he requests that we

---

[1] Nevertheless, for the benefit of the parties on remand, we note that ORS 1.202 does not authorize "other assessments," so that language may not be included in the amended judgment. *State v. Martinez*, 347 Or App 273, 278-80, ___ P3d ___ (2026).

review for plain error. "Generally, an issue not preserved in the trial court will not be considered on appeal." *State v. Wyatt*, 331 Or 335, 341, 15 P3d 22 (2000). However, we have discretion to correct a "plain" error. ORAP 5.45(1). An error is "plain" when it is an error of law, the legal point is obvious and not reasonably in dispute, and the error is apparent on the record without our having to choose among competing inferences. *State v. Vanornum*, 354 Or 614, 629, 317 P3d 889 (2013). Whether an error is "plain" is a question of law. *State v. Gornick*, 340 Or 160, 167, 130 P3d 780 (2006).

A trial court may order a defendant to pay attorney fees only if it determines that the defendant "'is or may be able' to pay them." *State v. Pendergrapht*, 251 Or App 630, 632, 284 P3d 573 (2012) (quoting ORS 151.505 and ORS 161.665). "We have held that it is plain error for a trial court not to comply with the requirement that it find that a defendant has the ability to pay fees before it imposes them." *State v. Ramirez-Hernandez*, 264 Or App 346, 347, 332 P3d 338 (2014) (internal quotation marks omitted). In *Ramirez-Hernandez*, we concluded it was plain error to impose attorney fees because the defendant was "homeless, mentally ill, and on an immigration hold with the likelihood of being deported." *Id.* Furthermore, there was no "post-arrest evidence of [the] defendant's ability to earn money to pay the attorney fee award." *Id.*

Here, by contrast, the record shows that, when defendant first applied for an attorney, he was employed, and the court entered a limited judgment ordering defendant to pay $890, which he did not appeal. At sentencing, defendant told the court he was employed, and he asked to serve any imposed incarceration on electronic home detention so that he could retain his employment. The trial court allowed electronic home detention after serving 60 days of the 90-day jail sentence.

That record shows that the trial court complied with the requirement to find that defendant was or may have been able to pay attorney fees before including attorney fees of $869 in the judgment. Unlike in *Ramirez-Hernandez*, 264 Or App at 347, defendant has failed to show that it is obvious or apparent on the record that defendant could not

pay attorney fees. *See Vanornum*, 354 Or at 629 (explaining that an error is plain when it is obvious and apparent on the record). Thus, the trial court did not commit plain error when it included an obligation to pay attorney fees of $869 in the judgment.

Remanded for resentencing; otherwise affirmed.